DeMOSS, Circuit Judge:
This appeal asks us to determine whether the district court abused its discretion by failing to remand the case to Texas state court after all federal claims had been deleted and only Texas state law claims remained. For the following reasons, we find that the district court abused its discretion when it denied Clarence Enochs’s motion to remand. We therefore vacate the district court’s grant of summary judgment in favor of Lampasas County on each Texas state law claim, reverse the district court’s denial of Enochs’s motion to remand, and remand the case with instructions to the district court to remand the Texas state law claims to the Texas state court from which the case was removed.
I.
Enochs filed an original petition in Texas state court on December 29, 2008, alleging violations of federal law under 42 U.S.C. §§ 1983 and 1985, and violations of Texas state law under the Texas whistle-blower statute, Texas Government Code § 614, and common law defamation. Pursuant to 28 U.S.C. § 1441, the County removed the entire case to federal district court on January 26, 2009. On February 26, 2009, the County filed a motion to dismiss both the federal § 1985 claim and the state whistleblower claim. On March 11, 2009, Enochs filed an unopposed motion to amend the complaint to delete all federal claims, and then a separate motion to remand the case to Texas state court.
On April 20, 2009, the district court entered an order which denied Enochs’s mo *158 tion to remand because “[r]emoval was proper based on the original petition filed in the state court,” and granted Enochs’s motion to file an amended complaint pursuant to the district court’s discretion under Federal Rule of Civil Procedure 15(a). The district court also granted the County’s motion to dismiss the § 1985 claim because Enochs voluntarily dropped it, and denied the County’s motion to dismiss the whistleblower claim because it could not be resolved without an evidentiary record.
With respect to the denial of Enochs’s motion to remand, the district court’s entire analysis focused on whether removal of the case on January 26, 2009, was proper, and whether it could exercise supplemental jurisdiction over the pendent Texas state law claims in addition to exercising original jurisdiction over the federal claims. Based on the existence of two federal claims in Enochs’s original petition, the district court concluded that removal was proper pursuant to 28 U.S.C. § 1441(a). And based on the existence of “a common nucleus of operative fact” between the federal claims and Texas state law claims included in the original petition, the district court concluded that supplemental jurisdiction extended over the Texas state law claims pursuant to 28 U.S.C. § 1367(a). The district court noted at the outset of its discussion of the motion to remand that Enochs’s amended complaint deleted all federal claims from the case, but it failed to re-examine its jurisdiction over the Texas state law claims when in the same order it granted Enochs’s motion to file an amended complaint.
Following the April 20, 2009 order, the case remained in the district court but involved only Texas state law claims. The parties proceeded to discovery and more than five months later the County filed motions for summary judgment on each of the Texas state law claims. Following briefing and argument on the merits of each of Enochs’s Texas state law claims, the district court granted summary judgment on December 2, 2009, in favor of the County on each Texas state law claim and dismissed the ease. Enochs timely appealed (i) the district court’s denial of his motion to remand the ease to Texas state court after all federal claims had been deleted from his original petition, and (ii) the district court’s subsequent grant of County’s motion for summary judgment on the remaining Texas state law claims.
II.
Enochs concedes that removal of the case to federal district court was proper and we agree. On January 26, 2009, the district court had original jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the Texas state law claims pursuant to 28 U.S.C. § 1367(a). Enochs contends, however, that the district court abused its discretion in failing to relinquish jurisdiction over the pendent Texas state law claims once it had permitted him to file an amended complaint deleting all federal claims.
The district court’s failure to remand the pendent Texas state law claims to the Texas state court from which the case was removed is reviewed for abuse of discretion. Priester v. Lowndes Cnty., 354 F.3d 414, 425 (5th Cir.2004). It its April 20, 2009 order, the district court failed to analyze the statutory and common law factors that are relevant to the question of its jurisdiction over pendent state law claims. We therefore evaluate the factors in the first instance, and then determine whether the district court abused its discretion in denying Enochs’s motion to remand.
In determining whether a district court improperly refused to relinquish ju *159 risdiction over pendent state law claims, we look to the statutory factors set forth by 28 U.S.C. § 1367(c), and to the common law factors of judicial economy, convenience, fairness, and comity. See Mendoza v. Murphy, 532 F.3d 342, 346 (5th Cir. 2008) (noting that “no single factor is dis-positive”); see also Camegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) (setting forth the common law factors). We are also instructed to guard against improper forum manipulation. Camegie-Mellon, 484 U.S. at 357, 108 S.Ct. 614. We consider and balance each of the factors to determine whether the district court abused its discretion. See Mendoza, 532 F.3d at 346.
A.
Precedent instructs us to balance each of the statutory factors in order to determine whether a district court abused its discretion. See McClelland v. Gronwaldt, 155 F.3d 507, 519 (5th Cir.1998), overruled on other grounds by Arana v. Ochsner Health Plan, 338 F.3d 433, 440 n. 11 (5th Cir.2003). The overall balance of the statutory factors is important. See, e.g., Mendoza, 532 F.3d at 346. The statutory factors are: (1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c); see also United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726-27, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) (setting forth the common law precursor to § 1367(c)).
In this case, each of the four statutory factors favors remand. The first three factors certainly favor remand: (1) Enochs’s Texas Government Code § 614 claim concerns a novel Texas state law issue with no Texas Supreme Court guidance, as does his argument that § 1701.456(b) of the Texas Occupations Code has waived the County’s sovereign immunity; (2) the Texas state law claims predominate over the non-existent federal claims; and (3) the district court dismissed all federal claims when it granted Enochs’s motion to file an amended complaint. The fourth factor also favors remand, as the heavy balance of the common law factors in favor of remand constitutes another compelling reason to decline jurisdiction. Thus, the overall balance of the statutory factors weighs heavily in favor of remand.
B.
The common law factors as set forth in Camegie-Mellon include judicial economy, convenience, fairness, and comity. 484 U.S. at 350, 353, 108 S.Ct. 614. We find that each factor weighs in favor of remand.
First, at the time the federal claims were deleted hardly any federal judicial resources, let alone a significant amount of resources, had been devoted to the district court’s consideration of the Texas state law claims (or to any claims). See La Porte Constr. Co. v. Bayshore Nat’l Bank of La Porte, Tex., 805 F.2d 1254, 1257 (5th Cir.1986); cf. Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc., 554 F.3d 595, 602 (5th Cir.2009); Newport Ltd. v. Sears, Roebuck & Co., 941 F.2d 302, 308 (5th Cir.1991). There would be no need for either party to duplicate any research, discovery, briefing, hearings, or other trial preparation work, because very little had been done at that point. See Brookshire Bros., 554 F.3d at 603; Mendoza, 532 F.3d at 347. Moreover, there is no indication that the district court had any “substantial familiarity” or was intimately familiar with the Texas state law claims at such an early *160 stage of the litigation. Parker & Parsley Petroleum Co. v. Dresser Indus., 972 F.2d 580, 587 (5th Cir.1992); see Smith v. Amedisys Inc., 298 F.3d 434, 446 (5th Cir. 2002). The denial of the County’s motion to dismiss did not require a thorough consideration of the merits of the state whistleblower claim at that early stage of the litigation, and the two other Texas state law claims had not yet even been briefed. The judicial economy factor certainly favors remand.
Second, it is certainly more convenient for the case to have been heard in the Texas state court in Lampasas County, where all of the parties, witnesses, and evidence were located. Moreover, as the judicial economy factor suggests, remand would not have caused any financial inconvenience to the parties because they would not have had to duplicate any of their previous efforts or expenses. See Mendoza, 532 F.3d at 347. Third, it was certainly fair to have had the purely Texas state law claims heard in Texas state court, and there is nothing to indicate that either party would have been prejudiced by a remand to Texas state court. See Parker & Parsley, 972 F.2d at 588. And fourth, comity demands that the “important interests of federalism and comity” be respected by federal courts, which are courts of limited jurisdiction and “not as well equipped for determinations of state law as are state courts.” Id. at 588-89. The convenience, fairness, and comity factors each certainly favors remand, and the overall balance of the common law factors weighs heavily in favor of remand.
At bottom, all of the statutory and common law factors weigh in favor of remand, some weighing heavily in favor of remand and others weighing modestly in favor of remand. We are bound to consider and weigh “all the factors” when determining whether a district court abused its discretion by failing to remand, id. at 590, and in this case the overall balance of the statutory and common law factors clearly favors remand.
C.
On the issue of forum manipulation, which is the only issue that even arguably favored the retention of jurisdiction, Enochs’s motion to amend his complaint to delete the federal claims is not a particularly egregious form of forum manipulation, if it is manipulation at all. Guzzino v. Felterman, 191 F.3d 588, 595 (5th Cir. 1999) (agreeing with the district court that “plaintiffs get to pick their forum and pick the claims they want to make unless they are blatantly forum shopping”); Giles v. NYLCare Health Plans, Inc., 172 F.3d 332, 340 (5th Cir.1999) (finding that an amendment to a complaint deleting the remaining federal claims was not improper forum manipulation); cf. Brown v. Sw. Bell Tel. Co., 901 F.2d 1250, 1255 (5th Cir.1990) (finding that improper forum manipulation weighed, along with other factors, in favor of continuing to exercise jurisdiction). In any case, the Supreme Court’s instruction for district courts to “guard against forum manipulation” is explicitly qualified for situations such as this one, where other considerations weigh heavily in favor of remand. Camegie-Mellon, 484 U.S. at 357, 108 S.Ct. 614.
Allegations of improper forum manipulation cannot prevent this court or the district court from considering “the other circumstances in the case,” and any possible manipulative behavior by Enochs can only be taken “into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case.” Id. Guarding against improper forum manipulation is only one of the important considerations we examine in determining wheth *161 er a district court abused its discretion in failing to remand. It is not so serious of a concern that it can become a trump card which overrides all of the other factors we are instructed to consider and balance. If there was any forum manipulation in Enochs’s case, it was not so improper as to override the balance of the statutory and common law factors weighing heavily in favor of remand.
III.
 The mistake which led the district court to abuse its discretion was in failing to reconsider its jurisdiction over the Texas state law claims as of the moment it granted Enoch’s motion to file an amended complaint deleting all federal claims from the case. Courts are instructed to examine their jurisdiction “at every stage of the litigation.” Id. at 350, 108 S.Ct. 614; see Gibbs, 383 U.S. 715, 727, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) (“[T]he issue whether pendent jurisdiction has been properly assumed is one which remains open throughout the litigation.”). Were the district court to have reconsidered in its April 20, 2009 order its pendent jurisdiction over the purely Texas state law claims, it likely would have then expressly considered the statutory and common law factors, and it likely would have followed the general rule and granted the motion to remand.
“Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed.” Parker & Parsley, 972 F.2d at 585 (citing Wong v. Stripling, 881 F.2d 200, 204 (5th Cir. 1989)); see Camegie-Mellon, 484 U.S. at 351, 108 S.Ct. 614 (noting that when the federal claims are eliminated at an “early stage” of the litigation the district court has “a powerful reason to choose not to continue to exercise jurisdiction”); Gibbs, 383 U.S. at 726, 86 S.Ct. 1130 (“Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.”); Brookshire Bros., 554 F.3d at 602 (noting that “the general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial”); Beiser v. Weyler, 284 F.3d 665, 675 (5th Cir.2002) (noting that where “no other grounds for federal jurisdiction exist, the court must ordinarily remand the case back to state court”). Indeed, the Supreme Court has for nearly half a century cautioned federal courts to avoid “[njeedless decisions of state law” such as the decisions the district court made on the merits of Enochs’s Texas state law claims. Gibbs, 383 U.S. at 726, 86 S.Ct. 1130.
We recognize that the doctrine of pendent jurisdiction is a “doctrine of flexibility.” Camegie-Mellon, 484 U.S. at 350,108 S.Ct. 614; see also Gibbs, 383 U.S. at 727, 86 S.Ct. 1130 (noting a district court’s “wide latitude to decide ancillary questions of state law”). A district court has “wide discretion” in deciding whether it should retain jurisdiction over state law claims once all federal claims have been eliminated. Guzzino, 191 F.3d at 595. Thus, we are right to hesitate in rejecting the district court’s exercise of its discretionary authority, as the general rule of remanding state law claims to state court after all federal claims have been eliminated is “neither mandatory nor absolute.” Batiste v. Island Records Inc., 179 F.3d 217, 227 (5th Cir.1999) (citing McClelland, 155 F.3d at 519); see also Brookshire Bros., 554 F.3d at 602. But such discretion is founded upon and guided by a court’s consideration of the prescribed statutory and common law factors. Our deference cannot stretch so far as to find no abuse of discretion where, as is the case *162 here, all federal claims were deleted at the infancy of the case and the balance of the statutory and common law factors weighs heavily in favor of remand.
Parker & Parsley is the primary case where we found that a district court abused its discretion in failing to relinquish jurisdiction over pendent state law claims.[1] In Parker & Parsley, a case originally filed in federal court, the sole federal claim was dismissed after nine months of trial preparation and one month before the scheduled trial date. 972 F.2d at 582. The district court retained jurisdiction over state law fraud, contract, and tort claims, and continued the case for three additional months. Id. Prior to the dismissal of the federal claim, there had been “a serious attack upon the propriety of venue, rigorous deposition schedules, ungodly amounts of discovery documents, and a hearing on discovery disputes.” Id. at 584 (internal marks and citation omitted). The district court, in refusing to surrender jurisdiction over the pendent state law claims, concluded that “the equities weigh heavily in favor of maintenance of the case,” and went on to hold a full trial and render judgment on the state law claims. Id. at 584-85. After a lengthy and detailed discussion where it “consider[ed] and weighted] all the factors present in th[e] case,” this court reversed the district court, finding that the failure to remand was an abuse of discretion. Id. at 590.
In Parker & Parsley, we carefully analyzed the Camegie-Mellon factors, expressly mentioning that “[n]o single factor ... is dispositive.” Id. at 587. In its consideration, the court noted a number of facts and circumstances weighing in favor of relinquishing jurisdiction: (i) the case was “only nine months” old; (ii) trial was “still a few weeks away;” (iii) “discovery had not been completed;” (iv) the case was “at an earlier stage than the parties and the court previously might have thought” due to an amended complaint which changed the theories of the case; (v) the district judge did not have “substantial familiarity with the merits of the case;” (vi) the remaining state law issues were “difficult ones;” (vii) remaining in federal court did not “prevent[] redundancy [or] conserve[ ] substantial judicial resources;” (viii) there would be no “undue inconvenience” such as a “tremendous financial drain” or a necessity for new legal research; (ix) the already completed discovery “was largely usable in the state proceeding;” (x) the parties would not be prejudiced by remand; and (xi) the “important interests of federalism and comity” heavily favored remand. Id. at 587-89.
Careful examination shows that the circumstances in Parker & Parsley did not favor the relinquishment of jurisdiction nearly as strongly as do the circumstances here in Enochs’s case. When this case became a purely Texas state law dispute, it was still in its infancy (less than three months old), no discovery had occurred, no hearings or trial dates had been scheduled, the district court was not even moderately familiar with any of the Texas state law issues, no financial or other inconvenience would have occurred, and no prejudice would have arisen. These facts favor remand more heavily than the facts of Parker & Parsley.
*163 IV.
Because the balance of the statutory and common law factors weighs heavily in favor of remanding the pendent Texas state law claims, and because Camegie-Mellon does not permit us to turn any allegation of improper forum manipulation into a trump card which can defeat the heavy balance of the other relevant considerations, we hold that the district court abused its discretion when it denied Enochs’s motion to remand. The courts in this circuit must remain diligent in following the Supreme Court’s almost fifty-year-old command that federal courts avoid needless decisions of state law.
For the foregoing reasons we vacate the district court’s grant of summary judgment in favor of County on each Texas state law claim, reverse the district court’s denial of Enochs’s motion to remand, and remand the case with instructions to the district court to remand the Texas state law claims to the Texas state court from which the case was removed.
REVERSED and REMANDED.

. See also Certain Underwriters at Lloyd’s, London & Other Insurers Subscribing to Reinsurance Agreements F96/2922/00 & No. F97/2992/00 v. Warrantech Corp., 461 F.3d 568, 578 (5th Cir.2006). Admittedly our precedents in this area are few. But the relative scarcity of circuit precedent finding an abuse of discretion for failing to remand speaks strongly to how often the "general rule” is followed and how carefully district courts typically scrutinize their pendent jurisdiction.