# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 7, 2012

No. 11-41035

Lyle W. Cayce
Clerk

AMY WELCH

Plaintiff-Appellee

v.

KENNETH DALE JANNERETH, also known as Kenneth Jannereth; LORI
ANN STUCKY, also known as Lori Stucky; LYNN DALE STUCKY, also
known as Lynn Stucky; ANIMAL HOSPITAL ON MILAM ROAD, P.C.,
D.V.M.; ANIMAL HOSPITAL ON MILAM ROAD EAST, L.P., D.V.M,

Defendants-Appellants

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 4:10-CV-00365

Before BENAVIDES, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

This suit was initially filed in Texas state court. The Defendants removed
it to federal court. After granting the Defendants' motion for summary judgment
as to all federal claims, the district court remanded the remaining state claims.
On appeal, Defendants argue the court should have exercised supplemental
jurisdiction over those state claims. We disagree and AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-41035

In November 2009, Amy Welch sought emergency care services for her pet at the Stuckys' animal hospital in Sanger, Texas. After not receiving payment for the services, Lori Stucky contacted Constable Kenneth Jannereth. Jannereth called Welch about the unpaid bill in April 2010, explaining Stucky's option to bring a civil suit against Welch to recover the outstanding debt.

On June 1, 2010, Lori and Lynn Dale Stucky, and the two animal hospitals they owned, filed suit in small claims court against Welch. Later that month, Welch sued the Stuckys, Jannereth, and the animal hospitals in a Denton County state court. Welch alleged, in part, a cause of action against the Stuckys under 42 U.S.C. § 1983 because Defendants attempted to use a constable to collect the debt. Along with state law claims, Welch made claims under the federal Fair Debt Collection Practices Act.

The Defendants removed the case to federal court in July 2010. The district court granted summary judgment to the Defendants as to the federal claims in August 2011 and remanded the remaining claims to state court.

Welch questions our jurisdiction to review the decision to remand. She cites the statutory command that there is no appellate review of an order that remands a case to the state court from which it was removed. 28 U.S.C. § 1447(d). That bar does not apply, though, to a district court's dismissal of all federal claims and a remand because of a discretionary decision not to exercise supplemental jurisdiction; such a remand is reviewable on appeal for an abuse of discretion. *Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 556 U.S. 635, 640-41 (2009).

A district court "may decline to exercise supplemental jurisdiction over a claim" for reasons listed in 28 U.S.C. § 1367(c). There are statutory factors to

No. 11-41035

guide the district court; no single factor trumps the rest. *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 601-02 (5th Cir. 2009).

The statute provides that the district court may decline jurisdiction if

(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

The parties disagree about the first factor, namely, whether Welch's state-law claims raise novel or complex issues. Their novelty is unimportant due to the second factor. Because the federal claims were insubstantial – Welch does even seek to have the dismissal of those claims reversed – the federal claims could not predominate in a substantial way over the state issues no matter how settled the state law might be. The third factor weighs in favor of remand, as all claims that gave the federal court jurisdiction have been dismissed.

The last statutory factor is whether there are compelling reasons to decline jurisdiction. § 1367(c)(4). We should be clear that this is not a factor that would support retaining jurisdiction, but instead it examines reasons that override any considerations that might lead to retaining the case. The fourth factor is thus not a reason to find that the district court abused it discretion by remanding.

In addition to the statutory factors, we consider "judicial economy, convenience, fairness, and comity." *Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002). The remand decision in *Amedisys* was evaluated after three years of proceedings in federal court, including substantial discovery, with little left to accomplish before trial. *Id.* The district judge had "devoted many hours

No. 11-41035

to reviewing [the parties'] memoranda, the attached exhibits and the record in [the] case; researching the legal issues involved; and reaching the decisions" on summary judgment.  *Id.*

Once such familiarity with a case has developed, efficiencies result from retaining what is left of the dispute.  *Batiste v. Island Records, Inc.*, 179 F.3d 217, 228 (5th Cir. 1999).  Judicial efficiency was among the reasons the district court in *Amedisys* decided to retain jurisdiction, a decision we affirmed despite objections from the plaintiff who wanted a remand of the state-law claims. *Amedisys*, 298 F.3d at 446-47.

The present case had been in federal court for one year.  The docket does not reveal an excessive number of filings.  Proceeding with state claims in a Denton County, Texas court appears convenient and fair to parties who live in or near the same county.  *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 160 (5th Cir. 2011).  Remanding state claims to a state court certainly satisfies "interests of federalism and comity."  *Id.*

We cannot say the district court abused its discretion in declining to exercise supplemental jurisdiction over the state claims.  AFFIRMED.

4