# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 22, 2014

Lyle W. Cayce
Clerk

No. 13-50689
Summary Calendar

KATRINA HICKS,

Plaintiff – Appellee

v.

AUSTIN INDEPENDENT SCHOOL DISTRICT,

Defendant – Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:12-CV-1053

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Defendant Austin Independent School District appeals the district court's grant of Plaintiff Katrina Hicks's motion to remand the action to Texas state court. For the reasons below, we affirm.

I.

Hicks filed suit in Texas state court against Austin Independent School District (the "School District") alleging discrimination and retaliation in violation of the Texas Labor Code and the First Amendment. On November

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50689

15, 2012, the School District removed the case to federal court based on federal question jurisdiction. Less than a month later, on December 10, 2012, Hicks moved to dismiss her First Amendment claim and to remand the remaining state-law claims to state court. The district judge referred the motion to a magistrate judge for a report and recommendation.

The magistrate judge recommended that the court grant Hicks's unopposed motion to dismiss her First Amendment claim and grant Hicks's opposed motion to remand. The magistrate judge found that although Hicks attempted to engage in forum manipulation by eliminating her federal claim after removal, the balance of factors favors remand in this case. The magistrate judge also recommended that the court impose costs on Hicks.

The district court reviewed the motions *de novo* and adopted the report and recommendation with the exception of the recommendation to impose costs on Hicks. The court construed Hicks's motion to dismiss her First Amendment claim as a motion to amend once as of right under Federal Rule of Civil Procedure 15(a), and allowed amendment. The district court then declined to exercise supplemental jurisdiction over the remaining state-law claims and remanded the case to state court. The School District timely appealed. We review the district court's decision to decline supplemental jurisdiction over the remaining state-law claims for abuse of discretion. *See Batiste v. Island Records, Inc.*, 179 F.3d 217, 226 (5th Cir. 1999).

## II.

Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a state-law claim if:

1) the claim raises a novel or complex issue of State law,

2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

3) the district court has dismissed all claims over which it has original jurisdiction, or

4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

District courts have "wide discretion" in deciding whether to decline supplemental jurisdiction under section 1367(c). *See Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999); *see also Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."). In determining whether a district court abused its discretion, "this Court is guided by the statutory factors set forth in section 1367(c) as well as the common law factors of judicial economy, convenience, fairness, and comity." *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 601-02 (5th Cir. 2009). "If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendant jurisdiction doctrine supports a remand in the case." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988).

"The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." *Brookshire Bros.*, 554 F.3d at 602; *see also Carnegie-Mellon*, 484 U.S. at 351 ("When the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction."); *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992). This rule, however, is

"neither mandatory nor absolute," and "no single factor is dispositive." *Brookshire Bros.*, 554 F.3d at 602. We review the court's decision in light of the balance of factors above and "specific circumstances of the case at bar." *Id.*

At least two subsections of the remand statute support remand in this case. Although the parties agree that this case does not raise novel or complex issues of state law under 1367(c)(1), subsections (c)(2) and (c)(3) both apply. The state-law claims "predominate over the non-existent federal claims" and the district court dismissed the sole federal claim when it allowed Hicks to amend her complaint. *See Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011).

The district court correctly determined that the balance of common law factors weighs in favor of remand in this case. First, the district court's retention of the case would not serve judicial economy in light of the early stage of the litigation. At the time of Hicks's motion to remand, the case had been in federal court for less than a month, the court had not yet issued a scheduling order or held any hearings, the parties had not briefed any substantive motions, and the district court was not "intimately familiar" with the merits of the case. *See Brookshire Bros.*, 554 F.3d at 602-03; *Parker & Parsley*, 972 F.2d at 587. Second, the parties agree that the relevant state and federal courthouses are in equally convenient locations. Third, "it was certainly fair to have [] the purely Texas state law claims heard in Texas state court," and there was nothing in the record to suggest that either party would be prejudiced by remand. *See Enochs*, 641 F.3d at 160.[1] Finally, comity weighs

---

[1] Although the School District asserts that there is unfairness inherent in Hicks's alleged forum manipulation, the School District does not explain how it will be concretely prejudiced or inconvenienced by a remand to state court. For instance, upon remand, the

in favor of remand as "the Supreme Court has for nearly half a century cautioned federal courts to avoid 'needless decisions of state law.'" *Id.* at 161 (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1996)).

The School District contends that the district court abused its discretion in remanding the state-law claims because Hicks's act of eliminating her sole federal claim after removal constitutes forum manipulation. Even accepting the School District's contention that Hicks engaged in forum manipulation, this factor is not dispositive. Forum manipulation is only one of the important considerations that the district court must take into account and balance in making its remand decision. *See Carnegie-Mellon*, 484 U.S. at 357; *Enochs*, 641 F.3d at 160-61; *Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1255 (5th Cir. 1990). The record reflects that the district court took into account Hicks's act of eliminating her federal claim after removal and determined that the balance of factors favors remand in this case. *See, e.g., Enochs*, 641 F.3d at 160-61; *Gamel v. City of Cincinnati*, 625 F.3d 949, 952-53 (6th Cir. 2010); *Neal v. Sky Chefs, Inc.*, No. 94-50075, 39 F.3d 321, at \*3 (5th Cir. 1994) (unpublished). In light of the balance of factors discussed above and the wide discretion given district courts in this area, we conclude that the district court did not abuse its discretion in remanding Hicks's remaining state-law claims to state court.

We therefore AFFIRM the district court's remand order.

---

School District will not need to duplicate any discovery, research, briefing, or pretrial preparations in state court as none of these tasks had been commenced in federal court. *See, e.g., Enochs*, 641 F.3d at 159-60; *Parker & Parsley*, 972 F.2d at 587-88.