# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20671

United States Court of Appeals
Fifth Circuit

**FILED**

September 6, 2018

Lyle W. Cayce
Clerk

E.V. DRAKE,

      Plaintiff - Appellant

v.

COSTUME ARMOUR, INCORPORATED; CHRISTO VAC; DRAKE LOEB, P.L.L.C.,

      Defendant - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-3607

Before SMITH, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Plaintiff E.V. Drake ordered costumes and props, including a Roman crown of thorns, from Defendants Costume Armour, Inc. and Christo Vac (hereafter the "Costume Defendants"). He sent them a deposit of $1,600 as a 50% down payment. Defendants contend this down payment was just for the construction of a prototype of the crown of thorns; Drake believes it was also

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20671

for the cost of molds for Roman costumes.  When he received the crown of thorns prototype, Drake complained that it was "poorly crafted."  The Costume Defendants did not refund his deposit.  Drake has been declared a vexatious litigant in Texas state courts, which means an administrative judge must authorize any state court lawsuit he files.  TEX. CIV. PRAC. & REM. CODE § 11.101.  So Drake had to try and make a federal case out of this dispute.

Drake's complaint asserts a number of federal and state claims.  The magistrate judge, in a report adopted by the district court, recommended that the federal claims be dismissed under Rule 12(b)(6) for failure to state a claim.  The magistrate judge explained that the wire and mail fraud claims failed because there is no private right of action that allows an individual to bring those claims as stand alone civil claims (they can be used as predicate acts supporting civil RICO claims).  The claim under the Magnuson-Moss Warranty Act failed because a federal cause of action exists under that statute only when at least $50,000 is in dispute.  15 U.S.C. § 2310(d).  And the discrimination claims under 42 U.S.C. § 1981 relied solely on speculative and conclusory allegations.[1]

The magistrate judge next considered whether the state claims that remained supported diversity jurisdiction.  The parties are from different states, but the court found that Drake did not meet his burden of establishing the $75,000 amount-in-controversy requirement.  The court noted that the dispute centers on a $1,600 deposit and Drake's "wish list" of additional damages is "largely frivolous."

---

[1] The magistrate judge's report rejected law firm defendant Drake Loeb P.L.L.C.'s motion to dismiss on personal jurisdiction grounds.  The claims against Drake Loeb were nonetheless dismissed for the reasons discussed above that also applied to the claims against the Costume Defendants.

No. 17-20671

We agree with the district court that the federal claims fail and that the state claims do not involve $75,000. As an example of Drake's baseless attempts to establish the amount-in-controversy requirement, he seeks to include attorneys' fees in that calculation even though he is proceeding *pro se*.

There was one step missing, however, in the trial court's analysis. Because the federal claims were dismissed under Rule 12(b)(6) for failure to state a claim rather than under Rule 12(b)(1) for lack of federal question jurisdiction, supplemental jurisdiction existed over the state claims even if there was not independent diversity jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over pendent state-law claims.").[2] So the court should have decided whether it would exercise its discretion to continue with the state law claims under its supplemental jurisdiction. 28 U.S.C. § 1367(c).

Ordinarily we would have the district court make that determination in the first instance. But here there are no good reasons for retaining the state law claims in this federal suit. The federal claims were dismissed early in the suit before discovery. That alone supports dismissal of the state claims as "[o]ur general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992); *see also Carnegie-Mellon Univ. v.*

---

[2] A claim that purports to rely on federal law "may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Id.* at 513 n.10 (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)). That may be true of some or all of Drake's federal claims in this case, but the district court rejected them for failure to state a claim under Rule 12(b)(6) rather than for lack of subject matter jurisdiction. That results in the supplemental jurisdiction question discussed above.

*Cohill*, 484 U.S. 343, 351 (1988) (explaining that when federal claims are dismissed at an "early stage" of the litigation, the district court has a "powerful reason to choose not to continue to exercise jurisdiction"); *Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.*, 554 F.3d 595 (5th Cir. 2009) ("The general rule is that a court should decline to exercise [supplemental] jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial. . . .").

Yet there is more: the federal claims were weak if not wholly groundless; Drake's attempt to turn this small-dollar dispute into a federal case seeks to evade the state court's finding that he is a vexatious litigant; and the outlandish attacks he has made on the district court in this case (see below) reveal this suit to be more of the same. *See Enochs v. Lampasas Cty.*, 641 F.3d 155, 159 (5th Cir. 2011) (citing the statutory factors in 28 U.S.C. § 1367(c) as well as "common law factors of judicial economy, convenience, fairness, and comity" that are considered in deciding whether to exercise jurisdiction over supplemental claims). As there was no sound basis for the exercise of supplemental jurisdiction over the remaining claims, we affirm the dismissal of the suit. *See id*. at 159–60 (holding that it was not appropriate for federal court to retain jurisdiction over supplemental claims when "at the time the federal claims were deleted hardly any federal judicial resources, let alone a significant amount of resources, had been devoted to the district court's consideration of the Texas state law claims (or to any claims)").

After the dismissal, Drake sought reconsideration in the district court arguing that the magistrate judge's involvement in the suit was unlawful and that both the magistrate judge and district judge should be recused. As for the former allegation, Drake's consent was not necessary for the magistrate judge to make recommendations about the case that were subject to full review by the district court. The recusal motion relied on baseless and absurd attacks on

the court.  The district court did not err in rejecting these frivolous arguments.
Nor did it abuse its discretion in denying Drake's delayed amendment request.
*See Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378
(5th Cir. 2014) ("The district court is entrusted with the discretion to grant or
deny a motion to amend and may consider a variety of factors including undue
delay, bad faith or dilatory motive . . ., repeated failure to cure deficiencies by
amendments previously allowed, undue prejudice to the opposing party and
futility of the amendment" (cleaned up)).

AFFIRMED.