# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-41206

United States Court of Appeals
Fifth Circuit

**FILED**
August 9, 2019

Lyle W. Cayce
Clerk

MARK SILGUERO,

      Plaintiff - Appellant

AMY WOLFE,

      Intervenor - Appellant

v.

CSL PLASMA, INCORPORATED,

      Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:16-CV-361

Before KING, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:*

    Mark Silguero and Amy Wolfe sued CSL Plasma, Inc., a plasma collection center, for disability discrimination under the Americans with Disabilities Act (ADA) and Texas state law.  We previously affirmed the

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court's judgment in favor of CSL on the ADA claim, but we submitted two certified questions to the Supreme Court of Texas regarding the state law claims. *Silguero v. CSL Plasma, Inc.*, 907 F.3d 323, 333 (5th Cir. 2018). Specifically, we asked about whether a plasma collection center is a "public facility" under Texas Human Resources Code § 121.002(5) and what standard applies to determine whether a facility's rejection of a person constitutes impermissible discrimination. *Id.* The Supreme Court of Texas has now answered those questions. *See Silguero v. CSL Plasma, Inc.*, No. 18-1022, 2019 WL 2668888 (Tex. June 28, 2019).

Consistent with the Supreme Court of Texas's analysis of relevant state law, we REVERSE the district court's judgment on the state law claims because it was based upon the incorrect conclusion that a plasma collection center is not a "public facility" under Texas Human Resources Code § 121.002(5). We REMAND to the district court for further proceedings. Before addressing the merits of the case, the district court should reconsider whether it should exercise supplemental jurisdiction over Silguero's and Wolfe's state law claims in light of the revelation that the federal and state laws are different in this context and the affirmance of the judgment in CSL's favor on the federal claims, leaving no current federal law claims. *See* 28 U.S.C. § 1367(c); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997); *see also, e.g.*, *Enochs v. Lampasas Cty.*, 641 F.3d 155, 158–59 (5th Cir. 2011). We express no opinion at this juncture as to whether such jurisdiction should be exercised. If the district court does exercise supplemental jurisdiction, then it should proceed to the merits of the state law claims in accordance with the Supreme Court of Texas's answers to the certified questions.

No. 17-41206

In sum, we AFFIRM the district court's judgment as it applies to plaintiffs' ADA claims. We REVERSE and REMAND the judgment as it applies to plaintiffs' claims under the Texas Human Resources Code.