# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2023

Lyle W. Cayce
Clerk

No. 23-50498

Michael R. Hamilton,

*Plaintiff—Appellant*,

*versus*

City of Lott, Texas,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:22-CV-1292

_____

Before Wiener, Stewart, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Michael Hamilton sued the City of Lott, Texas, for retaliation under 42 U.S.C. § 1983 and the Texas Whistleblower Act.  The district court adopted the magistrate judge's recommendation that the City of Lott's Rule 12(b)(6) motion to dismiss for failure to state a claim be granted in its entirety.  Hamilton objected, moving for remand of the state law claim after dismissal of the federal claim, but the district court exercised its

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50498

discretion to retain supplemental jurisdiction. Concluding that the district court abused its discretion in exercising supplemental jurisdiction over the state law claim once the federal claim was dismissed, we VACATE in part and REMAND.

## I.

Hamilton was the longtime police chief of the City of Lott in Falls County, Texas. On July 11, 2022, Hamilton reported to the county district attorney what he believed to be one or more violations of law by Lott Mayor Sue Tacker and city council members. He provided the mayor and council with a written copy of that report. On the same evening, the council voted to entirely defund the police department. A second vote to eliminate the police department was held on August 22, 2022, and Hamilton was given until noon the next day to turn over his keys and equipment.

Hamilton filed suit in the McLennan County district court, asserting claims of First Amendment retaliation under 42 U.S.C. § 1983 and violation of the Texas Whistleblower Act. He sought declaratory relief, an injunction, and damages under his First Amendment retaliation claim. He also sought a civil penalty to be paid to the state of Texas by Mayor Tacker in the event of a Texas Whistleblower Act violation. The City of Lott removed the case to federal court. After Hamilton filed an amended complaint, the City of Lott filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The motion to dismiss was referred to a magistrate judge, who issued a Report and Recommendation that the motion be granted and that both Hamilton's claims be dismissed. The district court adopted the magistrate judge's recommendation in full, over Hamilton's objections, which included a request to remand the state claim to state court. Hamilton timely appealed.

## II.

2

On appeal, Hamilton does not challenge the dismissal of his First Amendment retaliation claim under 42 U.S.C. § 1983. Instead, he argues that the district court abused its discretion by failing to remand the remaining state law claim because the case was still in its infancy and involved a complex issue of law.

The issue before us is whether the district court abused its discretion by retaining supplemental jurisdiction over the state law claim after the federal claim had been dismissed. *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (citing *Parker & Parsley Petrol. Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992)).

Our review is guided by the factors set forth in 28 U.S.C. § 1367. That statute authorizes a court to decline to exercise supplemental jurisdiction over a state law claim if: (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). We are also guided by "considerations of judicial economy, convenience, fairness, and comity." *Mendoza*, 532 F.3d at 346 (citing *McClelland v. Gronwaldt*, 155 F.3d 507, 519 (5th Cir. 1998), *overruled on other grounds by Arana v. Ochsner Health Plan*, 338 F.3d 433 (5th Cir. 2003)). Our general rule is to dismiss state law claims when the federal claims to which they are pendent are dismissed. *Parker*, 972 F.2d at 585 (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989)). However, we review each claim "on a case-by-case basis, and no single factor is dispositive." *Mendoza*, 532 F.3d at 346. Here, the second and third factors weigh in favor of declining supplemental jurisdiction. After the First Amendment claim was dismissed, only the state whistleblower claim remained, meaning that no claims invoked the court's original jurisdiction.

*See Mendoza*, 532 F.3d at 346; *see also Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011) ("[T]he Texas state law claims predominate over the non-existent federal claims."). The statutory factors therefore weigh moderately in favor of remand. And, although these factors are not dispositive, additional concerns weigh in favor of declining supplemental jurisdiction.

Considerations of judicial economy, convenience, fairness, and comity support reversal of the district court's decision to exercise supplemental jurisdiction. The First Amendment claim was dismissed at an "early stage" of the proceeding, so the district court has "a powerful reason to choose not to continue to exercise jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988). Moreover, no answer has been filed, no discovery has been conducted, and no scheduling order has been entered. *See Parker*, 972 F.3d at 586; *Enochs*, 641 F.3d at 159 ("There would be no need for either party to duplicate any research, discovery, briefing, hearings, or other trial preparation work, because very little had been done at that point."). Finally, dismissal would serve the important interests of federalism and comity, because federal courts are courts of limited jurisdiction that "often are not as well equipped for determinations of state law as are state courts." *Parker*, 972 F.2d at 588-89. The overall balance of the common law factors therefore weighs heavily in favor of remand.

The district court does not appear to have considered any of these factors when it chose to retain supplemental jurisdiction. It merely stated that, "after considering the relevant law and arguments of the parties, the Court retains jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367(c)." When, as here, a consideration of the statutory and common law factors favor remand and there is little in the record that supports the district court's decision to retain supplemental jurisdiction over the state law claim, we conclude that the district court abused its discretion.

No. 23-50498

## III.

We VACATE the district court's decision as to the state law claim and REMAND with instructions for the district court to remand the Texas state law claims to the Texas state court from which the case was removed.