# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 22, 2026

Lyle W. Cayce
Clerk

No. 25-40396

Vicki Baker,

*Plaintiff—Appellee*,

*versus*

City of McKinney, Texas,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:21-CV-176

Before Haynes, Higginson, and Ho, *Circuit Judges*.

Per Curiam:[*]

The City of McKinney, Texas (the "City") appeals the district court's final judgment and other rulings in favor of Vicki Baker on her takings claim asserted under the Texas Constitution. This court previously reversed the district court's summary judgment order finding that the City committed a compensable Fifth Amendment taking, vacated a § 1983 judgment in Baker's favor, and remanded for further proceedings. On remand, the district

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-40396

court granted Baker's reelection of remedy and entered final judgment in her favor. For the following reasons, we AFFIRM.

## I.    Background

Our court previously recounted the facts of this case in *Baker v. City of McKinney*, 84 F.4th 378 (5th Cir. 2023) ("*Baker I*"). In short, in July 2020, an armed fugitive held a 15-year-old girl hostage inside Baker's home. *See id.* at 379–80. City police officers used various tools (e.g., armored vehicles, toxic-gas grenades, explosives) to resolve the situation. *Id.* While all agree that the police "acted unimpeachably," these operations severely damaged Baker's home and personal property, and the City refused to compensate Baker for this damage. *Id.*

In March 2021, Baker filed suit against the City in the Eastern District of Texas, asserting takings claims under the federal and Texas constitutions. As to her federal claim, Baker alleged liability under the Fifth Amendment directly and via 42 U.S.C. § 1983. The City filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), which the district court denied. Baker later filed a motion for partial summary judgment, which the district court granted, finding the City liable under the federal and Texas constitutions.

The district court held a jury trial in June 2022 and instructed the jury on Baker's federal and state claims and damages for her real and personal property losses. The jury returned its verdict in Baker's favor, finding that a total of $59,656.59 would "justly compensate" her for her real and personal property losses. Baker exercised the option to pursue judgment via § 1983. *Id.* at 382. The district court denied the City's motions for judgment as a matter of law and for a new trial, following which the City appealed.

On appeal, our court recognized "the existence of a necessity exception to the Takings Clause" and concluded that, "in this case, the

No. 25-40396

Takings Clause does not require compensation for Baker's damaged or destroyed property because, as Baker herself claims, it was objectively necessary for officers to damage or destroy her property in an active emergency to prevent imminent harm to persons." *Id.* at 388. Our court accordingly reversed the district court's summary judgment order finding that the City committed a compensable Fifth Amendment taking, vacated the § 1983 trial judgment, and remanded for further proceedings. *See id.* at 389. Important here, "[b]ecause Baker opted to pursue relief under § 1983, we d[id] not reach whether she succeed[ed] under the Texas Constitution." *Id.* at 388.

After our court denied panel and en banc rehearing, *see Baker v. City of McKinney*, 93 F.4th 251, 251 (5th Cir. 2024) (per curiam), and the Supreme Court denied Baker's petition for writ of certiorari, *see Baker v. City of McKinney*, 145 S. Ct. 11, 11 (2024) (mem.), this case returned to the district court. In December 2024, Baker filed a "Reelection of Remedy," requesting the district court "reenter judgment pursuant to Article I, Section 17 of the Texas Constitution." The City opposed Baker's reelection and moved to dismiss her Texas takings claim, arguing that the district court should decline to exercise supplemental jurisdiction. In June 2025, the district court granted Baker's reelection of remedy, denied the City's motion to dismiss, and entered final judgment in favor of Baker. The City timely appealed the district court's opinion and order, final judgment, and other filings in favor of Baker on her Texas takings claim.

## II. Jurisdiction & Standard of Review

The City contends that the district court abused its discretion in exercising supplemental jurisdiction over Baker's Texas takings claim. Our court reviews a district court's decision to exercise supplemental jurisdiction when all federal claims have been dismissed for abuse of discretion. *Mendoza*

3

*v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008). Importantly, supplemental jurisdiction is a flexible doctrine, and district courts have "wide discretion" in determining whether to "retain jurisdiction over state law claims once all federal claims have been eliminated." *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161 (5th Cir. 2011) (citation modified).

Here, we conclude that the district court did not abuse its "*wide discretion*" in exercising supplemental jurisdiction over Baker's Texas takings claim. *Id.* (emphasis added) (citation omitted). We note that, unlike a situation where the case was early and the federal part of the case was out, but the state part of the case was kept, here the case went on for years and included a trial, so it was not unreasonable for the district court judge to keep the state part of the case. Additionally, our court's prior opinion did not say that the state part of the case had to be thrown out, and instead it was sent back to the district court. Accordingly, we conclude that it was not an abuse of discretion. We have jurisdiction over this appeal under 28 U.S.C. § 1291. *See Dickinson v. Auto Ctr. Mfg. Co.*, 733 F.2d 1092, 1102 (5th Cir. 1983).

The City's appeal implicates multiple standards of review. "We review the denial of a motion for a new trial for an abuse of discretion." *Williams v. Manitowoc Cranes, L.L.C.*, 898 F.3d 607, 614 (5th Cir. 2018). We review de novo a district court's grant of partial summary judgment, applying the same standard as the district court. *See U.S. ex rel. Babalola v. Sharma*, 746 F.3d 157, 160 (5th Cir. 2014). We also review de novo a district court's order on motions to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, Ltd. Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014); *Martone v. Robb*, 902 F.3d 519, 523 (5th Cir. 2018). Further, de novo review also applies when we review "a district court's determination[s] of state law." *Shepherd ex rel. Est. of Shepherd v. City of Shreveport*, 920 F.3d 278, 283 (5th Cir. 2019) (citing *Salve Regina Coll. v. Russell*, 499 U.S. 225, 231 (1991)). To the extent the City

challenges the district court's jury instructions, typically we "review[] jury instructions for abuse of discretion and harmless error." *United States v. Capistrano*, 74 F.4th 756, 769 (5th Cir. 2023) (citation omitted).

## III.     Discussion

On appeal, the City challenges the district court's applications of state law on: (1) takings, (2) reelection of remedies, and (3) measure of damages. We consider these issues in turn.

*First*, the City argues that the district court erred in finding it liable for Baker's state takings claim. Specifically, the City asserts that Texas takings case law is consistent with jurisprudence on the U.S. Constitution's Takings Clause, such that *Baker I* undermined the district court's previous state takings analysis, including its reliance on *Steele v. City of Houston*, 603 S.W.2d 786 (Tex. 1980). The City also contends that a possible "consent issue has been completely overlooked in this case." We conclude that the district court did not misapply Texas takings law.

Baker asserted a takings claim under Art. I, § 17 of the Texas Constitution, which states: "No person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person, and only if the taking, damage, or destruction is for" either "(1) the ownership, use, and enjoyment of the property, notwithstanding an incidental use," or "(2) the elimination of urban blight on a particular parcel of property." While "case law on takings under the Texas Constitution is consistent with federal jurisprudence," *Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 477 (Tex. 2012), the Supreme Court of Texas has underscored that Art. I, § 17 "protects against more types of government action than its federal counterpart," which tracks with the textual differences between the takings provisions, *Tex. Dep't of Transp. v. Self*, 690 S.W.3d 12, 25 (Tex. 2024)

(citations omitted). At bottom, the federal and Texas takings clauses "are *not* the same." *City of Baytown v. Schrock*, 645 S.W.3d 174, 182 (Tex. 2022) (Young, J., concurring). Indeed, while our court reasoned in *Baker I* that the necessity exception to the federal Takings Clause precluded Baker's recovery on her *federal* claim, it *expressly declined* to reach, and gave no reason to question, her *Texas* takings claim. *See* 84 F.4th at 388.

This case is similar to *Steele*, in which the Supreme Court of Texas considered the plaintiffs' allegation that the City of Houston's police department destroyed their home and personal property "while attempting to recapture three escaped convicts who had taken refuge in the[ir] house." 603 S.W.2d at 788. The Supreme Court of Texas reversed summary judgment against the plaintiffs and held that they properly "alleged an action for the destruction of their property" under Art. I, § 17. *Id.* at 791. Art. I, § 17 requires that a taking or damage be done for public use, and the Supreme Court of Texas reasoned that this could "be established by proof that the City [of Houston] ordered the destruction of the property because of real or supposed public emergency to apprehend armed and dangerous men who had taken refuge in the house." *Id.* at 792. While the City is correct that *Steele* stated that the "City of Houston may defend its actions by proof of a great public necessity," the Supreme Court of Texas explained that "[m]ere convenience w[ould] not suffice," and "[u]ncompensated destruction of property has been *occasionally* justified by reason of *war, riot, pestilence or other great public calamity*." *Id.* (emphasis added). Indeed, *Steele* summed up:

> The City [of Houston] argues that the destruction of the property as a means to apprehend escapees is a classic instance of police power exercised for the safety of the public. We do not hold that the police officers wrongfully ordered the destruction of the dwelling; *we hold that the innocent third parties are entitled by the Constitution to compensation for their property*.

*Id.* at 793 (emphasis added).

Thus, while *Steele* recognized that "proof of a great public necessity" *could* function as a "defense" to an inverse condemnation claim,[1] it rejected the City of Houston's proof of such a defense. *Id.* at 792–93. *Steele* controls and precludes the City's efforts to invoke a necessity defense in this case.[2] The City also fails to adequately raise, and thus forfeits, that it has a consent defense; it does not establish that Baker's actions, or the actions of her daughter living in her home at the time of the hostage situation, could serve as support for a consent defense to her Texas takings claim. Thus, we conclude that the district court did not err in applying Texas takings law.

*Second*, the City contends that the district court erred in granting Baker's "ersatz 'reelection of remedy' attempt." It avers that, because Baker did not "try this case to the jury on two alternate theories of recovery," she failed to satisfy the requirements for reelecting her remedy. Assuming arguendo the City properly raises this argument before us, we conclude that the district court appropriately applied Texas reelection of remedies law in this case.

The district court plainly instructed the jury on Baker's federal *and* state takings claims, and our court has explained that, "[w]hen a plaintiff prevails on both federal and Texas state law causes of action for the same

---

[1] Property owners can bring "an 'inverse' condemnation claim to recover adequate compensation" where they "believe[] the government has taken [their] property." *Commons of Lake Hou., Ltd. v. City of Hou.*, 711 S.W.3d 666, 676 (Tex.) (citation modified), *cert. denied*, 146 S. Ct. 299 (2025).

[2] The Supreme Court of Texas has twice cited *Baker I* without holding that the federal takings necessity exception recognized in *Baker I* applies to Texas takings claims. *See Self*, 690 S.W.3d at 27 n.16; *Commons of Lake Hou., Ltd.*, 711 S.W.3d at 680 n.39. Neither of these cases provide that the federal takings necessity exception addressed in *Baker I* is available for the City here.

injury, federal courts apply Texas's one satisfaction rule, which requires the prevailing party to elect between the alternative claims for purposes of recovery." *Malvino v. Delluniversita*, 840 F.3d 223, 233 (5th Cir. 2016) (citation omitted). Baker was given the choice to make such an election and chose to pursue relief via § 1983, *see Baker I*, 84 F.4th at 382, and the City fails to identify "any authority holding that [Baker] cannot change h[er] election" in this case, where "the [§ 1983] claim [s]he elected to recover on [wa]s reversed" in *Baker I*, *Malvino*, 840 F.3d at 233. The "equitable nature" of Texas's "one satisfaction rule counsels against such a stringent approach," as there is no risk of "double recovery" for Baker post-*Baker I*. *Id.* at 233–34. As such, we do not disturb the district court's application of Texas reelection of remedies law.

*Third*, the City avers that Baker did not comply with state takings jurisprudence on the measure of damages for inverse condemnation claims. The City asserts that Baker only provided repair and replacement estimated values to substantiate her damages, and she failed to provide evidence on the "fair market value of her alleged personal property damage" per Texas law.

The City's arguments on this issue are unavailing. While the City avers that "[r]epair costs and replacement value of personal property are not the measure of damages applicable to an inverse condemnation claim," it cites no case establishing that Baker's offered evidence (including her testimony) was unacceptable.[3] Indeed, we note that the Supreme Court of Texas observed in *Self* that the plaintiffs "obtained multiple estimates of the

---

[3] The most relevant case the City cites states that "[t]he general rule is that the market value of property which is condemned is determined as of the date of the taking of the property." *Barshop v. City of Hou.*, 442 S.W.2d 682, 685 (Tex. 1969). The City fails to address the fact that this is a "*general* rule," *id.* (emphasis added), rather than an *absolute* rule.

*cost to replace* the twenty felled trees" on their property, and this led to their claim "s[eeking] $251,000 from [the Texas agency] to compensate them for *this cost*." 690 S.W.3d at 18 (emphasis added). While the Supreme Court of Texas did not address these replacement costs further, it observed that the Texas agency's rejection of this claim led to the plaintiffs' lawsuit, *id.*, and reasoned that the plaintiffs had a "viable" inverse condemnation claim, *id.* at 32.

## IV.    Conclusion

For the foregoing reasons, we AFFIRM.