James Carol WILLIAMS,
Petitioner-Appellant,

v.

James A. LYNAUGH, Director, Texas
Department of Corrections,
Respondent-Appellee.

No. 86–2480.

United States Court of Appeals,
Fifth Circuit.

April 10, 1987.

Michael C. Farrow, Houston, Tex., for petitioner-appellant.

Robert S. Walt, Asst. Atty. Gen., Jim Mattox, Atty. Gen., Austin, Tex., for respondent-appellee.

Before CLARK, Chief Judge, GARWOOD and HILL, Circuit Judges.

ROBERT MADDEN HILL, Circuit Judge:

Petitioner James Williams appeals the district court's dismissal of his petition for a writ of habeas corpus. After considering Williams' arguments, we affirm the judgment of the district court and vacate the stay of execution entered by the district court pending this appeal.

## I.

Williams was convicted of killing Mohamad Youssef Awada. Since the murder was committed while robbing Awada, Williams was charged with a capital murder under Texas law. *See* Tex. Penal Code Ann. § 19.03(a)(2).[1] After the punishment phase hearing the jury answered affirmatively the special issues submitted to them.[2] Accordingly, Williams was sentenced to

---

1. Under Texas law the following offenses are defined as capital murders:
   (1) the person murders a peace officer or fireman who is acting in the lawful discharge of an official duty and who the person knows is a peace officer or fireman;
   (2) the person intentionally commits the murder in the course of committing or attempting to commit kidnapping, burglary, robbery, aggravated sexual assault, or arson;
   (3) the person commits the murder for remuneration or the promise of remuneration or employs another to commit the murder for remuneration or the promise of remuneration;
   (4) the person commits the murder while escaping or attempting to escape from a penal institution;
   (5) the person, while incarcerated in a penal institution, murders another who is employed in the operation of the penal institution; or
   (6) the person murders more than one person:
      (A) during the same criminal transaction; or
      (B) during different criminal transactions but the murders are committed pursuant to the same scheme or course of conduct.
   Tex.Penal Code Ann. § 19.03 (Vernon Supp. 1987).

2. After finding a defendant guilty of capital murder, the jury is required to answer three questions in a proceeding that takes place subsequent to the return of a verdict finding a person guilty of a capital murder offense. The jury must decide:
   (1) whether the conduct of the defendant that caused the death of the deceased was committed deliberately and with the reasonable expectation that the death of the deceased or another would result;
   (2) whether there is a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society; and
   (3) if raised by the evidence, whether the conduct of the defendant in killing the deceased was unreasonable in response to the provocation, if any, by the deceased.
   If the jury finds that the State has proved beyond a reasonable doubt that the answer to each of the three questions is yes, the death sentence is imposed. If the jury finds that the answer to any question is no or that it is unable to answer any question, a sentence of life imprisonment results.
   Tex.Code Crim.Proc.Ann. art. 37.071 (Vernon Supp.1987).

death. Williams' conviction was affirmed by the Texas Court of Criminal Appeals. *Williams v. State,* 604 S.W.2d 146 (Tex. Crim.App.1980) (en banc). After exhausting his state remedies, Williams filed an application for a writ of habeas corpus and a motion for a stay of execution in federal district court. The district court granted the stay of execution on January 26, 1981. On January 8, 1986, an evidentiary hearing was held before the magistrate. The magistrate rejected each of Williams' claims and recommended that his petition for habeas corpus be dismissed. The district court adopted the opinion of the magistrate and entered an order on May 27, 1986, dismissing Williams' petition. On August 1, 1986, the district court granted Williams a certificate of probable cause as well as permission to proceed in forma pauperis. The district court also continued the stay of execution pending the disposition of this appeal.

## II.

Williams first contends that the evidence of unadjudicated criminal conduct submitted to the jury at the punishment phase of the trial violates the eighth and fourteenth amendments. Williams also asserts that the equal protection clause of the fourteenth amendment is violated because Texas allows for the introduction of unadjudicated offenses in capital sentencing trials but not in noncapital cases. We discuss the merits of each contention in turn.

## A.

In the punishment phase of Williams' trial, evidence was introduced regarding Williams' participation in an armed robbery of a restaurant less than two weeks prior to the time he murdered Awada.[3] Williams contends that because there was no evidence that he was either charged or convicted for the offense, such evidence lacks reliability and results in an arbitrary imposition of the death penalty in violation

of the eighth and fourteenth amendments. We disagree.

We have already rejected the argument advanced by Williams in *Milton v. Procunier,* 744 F.2d 1091 (5th Cir.1984), *cert. denied,* 471 U.S. 1030, 105 S.Ct. 2050, 85 L.Ed.2d 323 (1985). In *Milton* the state put evidence of unadjudicated criminal conduct before the jury during the punishment phase of a capital trial. We rejected the contention of the habeas petitioner that the admission of this evidence violated his rights under the fifth, sixth, eighth, and fourteenth amendments. *Id.* at 1093, 1097. We noted that under the structure of the Texas death penalty system, a jury must find that a murder was committed under one of the circumstances defined in Tex.Penal Code Ann. § 19.03(a) before it considers whether to impose the death penalty. *Id.* at 1097 n. 5 (quoting *Autry v. Estelle,* 706 F.2d 1394, 1406 n. 5 (5th Cir.1983), *cert. denied,* 465 U.S. 1085, 104 S.Ct. 1458, 79 L.Ed.2d 906 (1984)). We concluded that the structure of the Texas death penalty system and the admission of unadjudicated criminal conduct during the punishment phase "in no way undermines the constitutionally mandated procedures set forth by the Supreme Court in *Jurek [v. Texas,* 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976) ], and [*Gregg v. Georgia,* 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976) ]." *Id.*

We emphasize that evidence of Williams' extraneous unadjudicated offense was not allowed to be introduced until the punishment phase and thus eliminates any concern that the jury used this unadjudicated offense to influence its decision in the guilt phase of the trial. The focus of the Texas capital sentencing procedure is to have all the relevant evidence before the jury when answering the special issues which determine whether the death penalty will be imposed. *Jurek,* 428 U.S. at 276, 96 S.Ct. at 2958. Acknowledging society's reservations about the use of wrongdoing not then being tried, we stated in *Milton* that these

---

3. Three witnesses testified during the punishment phase about Williams' participation in the robbery at the restaurant. Two of the witnesses, Leon Dobbins and Samuel Byrd, positively identified Williams as one of the four armed robbers in question. The record does not indicate that Williams was ever charged with this robbery.

concerns "are addressed by properly applied standards of relevance and sufficiency of proof." 744 F.2d at 1097.[4] As Justice Stevens said in *Barclay v. Florida,* 463 U.S. 939, 103 S.Ct. 3418, 77 L.Ed.2d 1134 (1983):

> [T]he Constitution does not prohibit consideration at the sentencing phase of information not directly related to either statutory aggravating circumstances or statutory mitigating factors, as long as that information is relevant to the character of the defendant or the circumstances of the crime ... What is important at the selection stage is an *individualized* determination on the basis of the character of the individual and the circumstances of the crime.

463 U.S. at 967, 103 S.Ct. at 3433 (Stevens, J., joined by Powell, J., concurring in the judgment) (quoting in part *Zant v. Stephens,* 462 U.S. 862, 879, 103 S.Ct. 2733, 3440, 77 L.Ed.2d 235 (1983) (emphasis added by *Zant* )) (citations omitted).

■ Evidence of these unadjudicated crimes is clearly relevant to the jury's task of determining whether there is a probability that Williams would continue to commit acts of violence as required by special question two. Consistent with our decision in *Milton,* we hold that the admission of unadjudicated offenses in the sentencing phase of a capital trial does not violate the eighth and fourteenth amendments.[5]

### B.

Williams also alleges that because Texas allows for the introduction of unadjudicated offenses in capital sentencing trials but does not allow such evidence in noncapital cases, the Texas capital sentencing procedure violates the equal protection clause of the fourteenth amendment. We reject this argument.

■ Our first task in an equal protection challenge is to identify the level of scrutiny that must be used. Williams' complaint is that capital defendants are treated differently from noncapital defendants. We agree with Williams that the rational basis test should be used to test Texas' sentencing procedure; we have already held that capital defendants are not a suspect class for equal protection purposes. *Gray v. Lucas,* 677 F.2d 1086, 1104 (5th Cir.1982), *cert. denied,* 461 U.S. 910, 103 S.Ct. 1886, 76 L.Ed.2d 815 (1983).

■ Rational basis scrutiny requires only that the legislative classification rationally promote a legitimate governmental objective. *Arceneaux v. Treen,* 671 F.2d 128, 131 (5th Cir.1982). This constitutional standard is "offended only if the classification rests on grounds wholly irrelevant to the achievement of the state's objective." *Id.* at 132 (quoting *McGowan v. Maryland,* 366 U.S. 420, 425, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393 (1961)). We believe that Texas' capital sentencing procedure passes constitutional muster under the rational basis standard. The purpose of allowing evidence of nonadjudicated offenses to be considered in the sentencing phase is to assist the jury in determining whether the defendant is likely to be a continuing threat to society. This evidence helps focus the jury on the particular circumstances of the individual offense and the individual offender. *Jurek,* 428 U.S. at 273, 96 S.Ct. at 2957. Given the finality of a death sentence, Texas has a strong interest in ensuring that all relevant evidence concerning the capital defendant is placed before the jury so that it can consider the evidence when answering the special issues. In fur-

---

4. We note that Tex.Code Crim.Pro.Ann. art. 37.-071(a) provides that the jury may not use evidence in the punishment phase which violates either the federal or state constitution. Furthermore, Texas decisions have uniformly approved the admission of unadjudicated offenses. *See, e.g., Rumbaugh v. State,* 629 S.W.2d 747, 754 (Tex.Crim.App.1982) (en banc); *Milton v. State,* 599 S.W.2d 824, 827 (Tex.Crim.App.) (en banc), *cert. denied,* 451 U.S. 1031, 101 S.Ct. 3022, 69 L.Ed.2d 400 (1980).

5. Williams also asserts that he is entitled to a stricter interpretation of due process because he has been sentenced to death. We have already rejected this argument. *Bass v. Estelle,* 696 F.2d 1154, 1157 n. 2, *modified on petition for reh'g,* 705 F.2d 121 (5th Cir.), *cert. denied,* 464 U.S. 865, 104 S.Ct. 200, 78 L.Ed.2d 175 (1983).

thering this interest, the state could rationally decide that different procedures should be used for capital defendants than for noncapital defendants. Consequently, we reject Williams' assertion that Texas' capital sentencing procedures violates the equal protection clause of the fourteenth amendment.

### III.

Finding all of Williams' claims to be without merit, the judgment of the district court dismissing Williams' habeas petition is AFFIRMED and the stay of execution issued by the district court is VACATED.

AFFIRMED; STAY OF EXECUTION VACATED.