United States Court of Appeals,

Fifth Circuit.

No. 95-60225

Summary Calendar.

Joseph Oran RICHARD, Petitioner,

v.

David R. HINSON, Administrator, FAA, Respondent.

Dec. 12, 1995.

Appeal from the final order of The National Transportation Safety Board.

Before HIGGINBOTHAM, DUHÉ and EMILIO M. GARZA, Circuit Judges.

DUHÉ, Circuit Judge:

Petitioner argues that a provision of the Equal Access to Justice Act violates the equal protection rights of individuals with a net worth of over $2 million. He asks that we declare the provision unconstitutional and award him fees and expenses. We decline.

FACTS

A Federal Aviation Administration Administrator ordered the emergency revocation of petitioner's airman certificate. Eventually, all charges were dismissed by the National Transportation Safety Board (NTSB) and petitioner's certificate was reinstated. Petitioner applied for attorney's fees and expenses pursuant to the Equal Access to Justice Act (EAJA).[1] Under the

_____

[1] 5 U.S.C. § 504 (Supp.1995). Other portions of the EAJA not implicated here are codified at 28 U.S.C. § 2412 (1994) and 15 U.S.C. § 634b (Supp.1995).

1

EAJA, individuals with a net worth less than $2 million are entitled to reimbursement of fees and expenses if the government agency cannot show substantial justification for its position against that individual. 5 U.S.C. §§ 504(a)(1), 504(b)(1)(B) (Supp.1995). Petitioner's application for fees and expenses was denied because his net worth exceeds $2 million.[2]

## DISCUSSION

We have jurisdiction under 49 U.S.C. § 1153 (1995) and 5 U.S.C. § 504(c)(2) (Supp.1995), which grant federal courts of appeals jurisdiction over appeals from final orders of the NTSB. We review the constitutionality of the EAJA net worth provision *de novo. United States v. Guajardo,* 950 F.2d 203 (5th Cir.1991), *cert. denied,* 503 U.S. 1009, 112 S.Ct. 1773, 118 L.Ed.2d 432 (1992). *See also Stewart v. Parish of Jefferson,* 951 F.2d 681, 683 (5th Cir.1992).

Although petitioner asserts that his Fourteenth Amendment equal protection rights were violated, his claims actually arise under the Fifth Amendment which protects parties from unjustifiable discriminatory applications of law. *Adarand Constructors, Inc. v. Pena,* --- U.S. ----, ---- - ----, 115 S.Ct. 2097, 2107-08, 132 L.Ed.2d 158 (1995); *Torres v. Shalala,* 48 F.3d 887 (5th Cir.1995). The Fourteenth Amendment protects against actions by states but here, the federal government is the subject of petitioner's

---

[2]The NTSB made no finding regarding the substantial justification requirement. Nevertheless, petitioner argues that the FAA had no justification for revoking the certificate. Because we uphold the net worth provision and find it dispositive, we do not address this argument.

complaints making the Fourteenth Amendment inapplicable. We employ the same test to evaluate alleged equal protection violations under the Fifth Amendment as we do under the Fourteenth Amendment. *Adarand,* --- U.S. at ----, 115 S.Ct. at 2107; *Torres,* 48 F.3d at 890-91.

In evaluating an equal protection claim, we must first determine the proper standard under which to review the classification and then analyze the purpose of the legislation to determine whether it satisfies the standard. *United States R.R. Retirement Bd. v. Fritz,* 449 U.S. 166, 174, 101 S.Ct. 453, 459, 66 L.Ed.2d 368 (1980); *Chrysler Corp. v. Texas Motor Vehicle Comm'n,* 755 F.2d 1192 (5th Cir.1985). Strict scrutiny is required if the legislative classification operates to the disadvantage of some suspect class or impinges upon a fundamental right explicitly or implicitly protected by the Constitution. *San Antonio Indep. Sch. Dist. v. Rodriguez,* 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973). Otherwise, the legislative classification need only bear a rational relation to a legitimate governmental purpose. *Torres,* 48 F.3d at 891.

The EAJA provision classifies according to wealth which alone is not a suspect criterion. *San Antonio Indep. Sch. Dist.,* 411 U.S. at 28, 93 S.Ct. at 1294; *Chrysler Corp.,* 755 F.2d at 1203. Therefore, we review the provision under strict scrutiny only if it impinges on a fundamental right. A fundamental right for equal protection purposes is one that is explicitly or implicitly protected by the Constitution. *San Antonio Indep. Sch. Dist.,* 411

3

U.S. at 29, 93 S.Ct. at 1294-95.

Petitioner argues that the net worth provision violates one of his fundamental rights, his First Amendment right of access to courts. In support, petitioner relies on *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963) and *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) where indigent criminal defendants could not be heard in court because they could not pay filing and transcript fees. In those cases, the Supreme Court recognized a duty of government to equalize access to courts by assisting the poor. Those who are not poor have no need for similar equalization. In the absence of legislation providing otherwise, litigants must pay their own attorney's fees. *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).

Petitioner was not denied access to court; he is merely required to pay for that access. The actual "right" petitioner seeks to enforce is reimbursement of attorney's fees and expenses for which there is no constitutional basis. Without a constitutional basis, the right is not considered fundamental, and the classification does not require strict scrutiny. We therefore evaluate the constitutionality of the classifying provision under the rational basis standard. To be constitutionally valid, the classification need not be perfect or mathematically precise. *Dandridge v. Williams,* 397 U.S. 471, 485, 90 S.Ct. 1153, 1161-62, 25 L.Ed.2d 491 (1970). Under the rational basis test, disparate treatment of similarly situated groups is not unlawful if a

rational purpose underlies the disparate treatment and Congress has not achieved that purpose in a patently arbitrary or irrational way. *United States R.R. Retirement Bd.,* 449 U.S. at 177, 101 S.Ct. at 460-61; *Belarmino v. Derwinski,* 931 F.2d 1543 (Fed.Cir.1991). Petitioner questions only the legislature's purpose.

The purpose of the EAJA is to eliminate for the average person the financial disincentive to challenge unreasonable government actions. *Commissioner, INS v. Jean,* 496 U.S. 154, 163, 110 S.Ct. 2316, 2321, 110 L.Ed.2d 134 (1990); 5 U.S.C. § 504 historical and statutory notes. Rather than restricting access, the EAJA broadens access to courts. The net worth provision specifies the outer financial limits of the individuals who the legislature determined may forego challenging the government because of the expense involved. This purpose is legitimate.

Petitioner, without authoritative support, argues that the purpose of the net worth provision is to conserve government financial resources, a purpose that is not legitimate. We are not persuaded that conservation of resources is the purpose.

The net worth provision of the EAJA does not violate petitioner's equal protection guarantees. The provision has a rational basis and furthers a legitimate government interest, the removal of an economic disincentive to challenge unjustified actions of government agencies.

AFFIRMED.

5