In the Matter of Linda V.
MAYER Debtor.

Linda V. MAYER

v.

ENTERGY NEW ORLEANS, INC.

Bankruptcy No. 95–13233.
Adv. No. 95–1219.
Civ. A. No. 96–1783.

United States District Court,
E.D. Louisiana.

Aug. 12, 1996.

---

Linda Venus Mayer, New Orleans, LA, pro se.

Robert D. Hess, III, Entergy Services, Inc., New Orleans, LA, Alan H. Katz, Entergy Services, Inc., New Orleans, LA, for Entergy New Orleans, Inc.

Claude C. Lightfoot, Jr., Metairie, LA, for Cynthia Lee Traina, Trustee.

### ORDER AND REASONS

BERRIGAN, District Judge.

Pending before the Court is Debtor Linda V. Mayer's motion to withdraw reference to the bankruptcy court pursuant to 28 U.S.C. § 157(d). The motion was submitted on a previous date without oral argument. Having reviewed the submissions of the parties, the record and the applicable law, the motion is **DENIED.**

### I. Background

This matter arises as a result of a petition for relief under Chapter 7 which Debtor filed on August 31, 1995. Debtor owed Entergy New Orleans, Inc. ("Entergy") $249.32 for billed but unpaid charges for electric and gas service provided to her through July 24, 1995.[1] Entergy alleges that Debtor also

---

**1.** Entergy New Orleans, Inc.'s Memorandum in    Opposition to Plaintiff's Motion for Withdrawal

owed approximately $50.00 more for service provided from July 24 through August 24, 1995 for which a bill had not then been sent.[2] Further, Debtor's account was delinquent, and Entergy held only a $75.00 deposit.

Entergy contends that on September 20, 1995, before learning of Debtor's Chapter 7 filing, Entergy sent Debtor a disconnect notice.[3] Only after receiving this notice did Debtor notify Entergy of her filing. Entergy then applied the deposit to and closed Debtor's original account and opened a new account for her.[4] In accordance with 11 U.S.C. § 366(b), Entergy requested a $50.00 deposit for the new account, an amount that was less than the monthly charges that had been accruing on the closed account.

On October 27, 1995, Entergy sent Debtor a bill on her new account for $153.67 for two months of post-petition service.[5] When payment had not been made by November 20, 1995, Entergy, which had previously requested and received only a $50.00 deposit for the new account, set Debtor a notice that service would be disconnected if payment were not made by November 24, 1995. Because Debtor's new account remained delinquent, Entergy disconnected her service on December 14, 1995. Service was restored the same day when Debtor made a partial payment and agreed to extended payment terms for the remaining balance.[6]

Debtor nevertheless filed this adversary proceeding alleging seven claims against Entergy, three of which arise under non-bankruptcy federal law (42 U.S.C. § 1983, due process and equal protection claims). On May 23, 1996, Debtor filed this motion, urging the Court to withdraw reference to the Bankruptcy Court as the matter involved substantial and material questions of bankruptcy as well as non-bankruptcy laws.

## II. Law and Analysis

### A. *Standard for Withdrawing Reference*

■ Section 157(d) of Title 28 provides as follows:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

Courts interpreting this statute have generally restrictively interpreted its effect. *See Lifemark Hospitals of Louisiana, Inc. v. Liljeberg Enterprises, Inc.,* 161 B.R. 21 (E.D.La.1993); *United States Gypsum Co. v. National Gypsum Co.,* 145 B.R. 539 (N.D.Tex.1992); *In re Johns–Manville Corp.,* 63 B.R. 600 (S.D.N.Y.1986); *In re White Motor Corp.,* 42 B.R. 693 (N.D.Ohio 1984). Withdrawal of reference should be granted in only a limited class of proceedings and is not intended to be an "escape hatch" from bankruptcy court into district court. *Lifemark,* 161 B.R. at 24.

■ Mandatory withdrawal of the reference from bankruptcy court is appropriate only where (1) the proceeding in the bankruptcy court involves a substantial and material question of both title 11 and non-Bankruptcy Code federal law, (2) the non-Bankruptcy Code federal law has more than a de minimis effect on interstate commerce,

---

of Proceedings to U.S. District Court, p. 2, R.Doc. 6.

**2.** Entergy New Orleans, Inc.'s Memorandum in Opposition to Plaintiff's Motion for Withdrawal of Proceedings to U.S. District Court, p. 2, R.Doc. 6.

**3.** *Id.* at 3.

**4.** Apparently, Entergy's regular business procedure regarding bankruptcy files is if a customer has a delinquent balance in his/her account on the date he/she petitions for relief, Entergy closes his/her pre-petition account, and opens a new billing account. Entergy does so for administrative purposes so that it may properly segregate pre-petition charges from post-petition charges.

**5.** Entergy New Orleans, Inc.'s Memorandum in Opposition to Plaintiff's Motion for Withdrawal of Proceedings to U.S. District Court, p. 3, R.Doc. 6.

**6.** Entergy New Orleans, Inc.'s Memorandum in Opposition to Plaintiff's Motion for Withdrawal of Proceedings to U.S. District Court, p. 3, R.Doc. 6.

and (3) the motion for withdrawal was timely filed. *Lifemark,* 161 B.R. at 24.

B. *Substantial and Material Questions of Bankruptcy and Non–Bankruptcy Laws*

■ To find that "substantial and material" consideration of non-bankruptcy laws is necessary, the Court must determine that the motion to assume "requires 'significant interpretation' [of such non-bankruptcy laws] on the part of the Court." *Lifemark Hospitals of Louisiana, Inc. v. Liljeberg Enterprises, Inc.,* 161 B.R. 21 (E.D.La.1993). Where application of non-bankruptcy federal law is merely speculative, mandatory withdrawal is not necessary. *Id.* In addition, simple application of fixed legal standards provided by such non-bankruptcy laws to a given set of facts does not necessarily trigger mandatory withdrawal. *Id.*

With these standards in mind, the Court addresses the substance of Debtor's motion to withdraw reference to the Bankruptcy Court.

1. Claim of Civil Rights Violation Under 42 U.S.C. § 1983

■ Debtor contends that Entergy deprived her of her civil rights in violation of 42 U.S.C. § 1983, which provides:

Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, subjects, or causes to subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The Court finds that Debtor's § 1983 claim against Entergy does not involve substantial and material questions of federal law such that mandatory withdrawal of reference is required. Even assuming, *arguendo,* that Entergy has deprived Debtor of federally created rights, Debtor has not stated a claim against Entergy under § 1983 as Entergy is a private actor not a state actor as required by § 1983. Further, Entergy status as a regulated utility is insufficient to support a § 1983 claim, as the Supreme Court has found that the mere fact that a business is subject to state regulation does not by itself convert its action into that of the State. *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 350, 95 S.Ct. 449, 453, 42 L.Ed.2d 477 (1974). Finally, neither a utility's monopoly status, its provision of essential public services, its public interest, nor its tariff regulations transform a privately owned utility into a state actor. *Id.*

Consequently, the Court finds that given that the United States Supreme Court has ruled on the exact issue presented by Debtor's § 1983 claim, Debtor's § 1983 claim against Entergy does not involve "substantial and material" questions of federal law, nor does it involve "significant interpretation." At most, Debtor's § 1983 complaint involves routine application of well-settled law.

2. Claim of Constitutional Violations

■ In order to prove deprivation of a right protected by the Due Process Clause of the Fourteenth Amendment, a plaintiff must prove state action. *Landry v. A–Able Bonding, Inc.,* 75 F.3d 200, 203 (5th Cir.1996); *Doe v. Rains County Indep. School Dist.,* 66 F.3d 1402, 1406 (5th Cir.1995). As discussed above, Entergy is not a state actor.

■ Moreover, the due process clause of the Fifth Amendment applies only to federal actors. *Richard v. Hinson,* 70 F.3d 415, 416–17 (5th Cir.1995), *petition for cert. denied,* —— U.S. ——, 116 S.Ct. 2522, 135 L.Ed.2d 1047 (1996); *Blackburn v. City of Marshall,* 42 F.3d 925, 930 n. 3 (5th Cir. 1995). Entergy is a privately owned utility. It is not the federal government, a federal agency, or a federal employee. Consequently, Entergy is not subject to claims under the Fifth Amendment.

Similarly, Debtor's Equal Protection claims under the U.S. Constitution also require state action. *Foster v. Mobile County Hospital Bd.,* 398 F.2d 227 (5th Cir.1968).

The Court finds that plaintiff's due process and equal protection claims do not present a substantial and material question of federal law. These constitutional principles are well-

settled and simply require rote application to the facts before the court.[7]

## III. Conclusion

The Court finds that the proceeding in the bankruptcy court does not involve a substantial and material question of both title 11 and non-Bankruptcy Code federal law. Debtor's § 1983, due process, as well as the equal protection claims do not necessitate "substantial and material" consideration of non-bankruptcy laws. Rather, they simply require rote application of well-settled principles of law to the facts before the court.

Accordingly,

**IT IS ORDERED** that Debtor's "Motion to Withdraw Reference to the Bankruptcy Court" be and hereby is **DENIED**.

---

7. In light of the Court's determination that the instant action does not involve substantial and material questions of bankruptcy and non-bankruptcy laws, it is not necessary for the Court to determine whether the non-Bankruptcy Code federal law has more than a de minimis effect on interstate commerce and whether the motion for withdrawal was timely filed.