# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 15-41456

—————

United States Court of Appeals
Fifth Circuit

**FILED**

May 30, 2017

Lyle W. Cayce
Clerk

AURELIO DUARTE; WYNJEAN DUARTE; S. D., A Minor, By and through Wynjean Duarte, acting as her Next Friend; BRANDI DUARTE,

Plaintiffs - Appellants

v.

CITY OF LEWISVILLE, TEXAS,

Defendant - Appellee

—————————————

Appeal from the United States District Court
for the Eastern District of Texas

—————————————

Before DAVIS, ELROD, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

Aurelio Duarte together with his wife and two children challenge the constitutionality of a Lewisville, Texas, ordinance ("the Ordinance") that restricts where certain individuals convicted of sex offenses may live within the city. Specifically, they allege that the Ordinance deprives both Duarte individually and the Duarte Family as a whole of procedural due process and violates Duarte's constitutional right to equal protection. The district court granted summary judgment in favor of Lewisville. We affirm.

## I.

In 2006, Duarte was found guilty after a jury trial of Online Solicitation of a Minor, in violation of Texas Penal Code § 15.031, and was sentenced to eight years in prison. The confinement term was suspended and he was placed

on community supervision for a term of ten years. In 2007, Duarte's community supervision was revoked, and he was sentenced to a three-year term of confinement. Duarte's sentence was fully discharged in June 2010. Upon his release, Duarte returned to Lewisville, Texas, where he had resided with his wife and two daughters prior to his incarceration. As a result of his conviction, Duarte is required by Texas law to register annually with the Texas Department of Public Safety as a child sex offender. Because Duarte must so register, he must also comply with residency restrictions set forth in Lewisville's "Regulation of Sex Offender Residency" Ordinance, which prohibits registered child sex offenders from residing anywhere in the city limits that is within 1,500 feet of "premises where children commonly gather."[1]

The collective area covered by the Ordinance encompasses the majority of Lewisville. According to Appellants, of the 39,967 residential housing units in Lewisville in November 2012, only eight were legally available to them for purchase and two for rent, constituting .025 percent of the total housing stock. From approximately 2010 through 2013, the Duartes resided together in a one-bedroom motel room in Lewisville and searched for a residence that complied with the Ordinance to no avail. Ultimately, the Duartes moved to a nearby town.

The Ordinance sets forth a number of affirmative defenses, which essentially establish exemptions for eligible individuals. Relevant to Duarte's equal protection claim is an exemption available to certain individuals who are subject to community supervision under Texas law as a result of their sex offense convictions. Under Texas law, individuals sentenced to a term of

---

[1] The term "premises where children commonly gather" is defined as including "all improved and unimproved areas on the lot where a public park, public playground, private or public school, public or semi-public swimming pool, public or non-profit recreational facility, day care center or video arcade facility is located."

community supervision following a child sex offense conviction must adhere to a state-imposed condition that they not "go in, on, or within 1,000 feet of a premises where children commonly gather" during the pendency of their community supervision term. Tex. Crim. Proc. Code art. 42.12 § 13B(a)(1)(B). However, a court may waive or modify this restriction if: (1) the defendant is a student at a primary or secondary school; (2) the restrictive zone interferes with the ability of the defendant to attend school or hold a job and consequently constitutes an undue hardship for the defendant; or (3) the restrictive zone is broader than necessary to protect the public, given the nature and circumstances of the offense. § 13B(d), (e). Individuals who have successfully sought a judicial waiver of the state's geographic restriction are afforded a parallel exemption from Lewisville's Ordinance. However, child sex offenders—like Duarte—who have been fully discharged or were never subject to state-imposed community supervision, cannot seek a judicial waiver of the state's geographic condition, because the condition does not actually apply to them. Those individuals are therefore unable to avail themselves of the parallel exemption provided by the Ordinance.

Appellants initially filed this suit on March 26, 2012, seeking compensatory damages, as well as equitable, declaratory, and injunctive relief under the Due Process and Equal Protection Clauses of the Fourteenth Amendment, the Double Jeopardy Clause of the Fifth Amendment, the Ex Post Facto guarantee, and 42 U.S.C. §§ 1983 and 1988. The district court initially dismissed all of Appellants' claims for lack of standing. This court reversed, holding that both Duarte and his family had shown actual injury sufficient for standing purposes and that their constitutional claims were not rendered moot by their decision to move from Lewisville to a nearby town. *See Duarte ex rel. Duarte v. City of Lewisville*, 759 F.3d 514, 517–21 (5th Cir. 2014). In June 2015, Lewisville moved for summary judgment on the merits of Appellants' claims.

No. 15-41456

The Magistrate Judge recommended that the district court grant the motion, and the district court adopted the Magistrate Judge's Report and Recommendation. *See Duarte v. City of Lewisville*, 136 F. Supp. 3d 752 (E.D. Tex. 2015). On appeal, Appellants challenge only the district court's grant of summary judgment with respect to their procedural due process and equal protection claims.

## II.

We review a grant of summary judgment de novo, applying the same standards as the district court. *Am. Home Assurance Co. v. United Space All., LLC*, 378 F.3d 482, 486 (5th Cir. 2004). Summary judgment is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). However, we review for plain error any of the Magistrate Judge's factual findings and legal conclusions that were accepted by the district court and to which Appellants failed to object. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

## III.

Duarte first asserts that the Ordinance violates his right to due process of law under the Fourteenth Amendment, because it deprives him of a constitutionally-protected liberty interest—namely, the ability to reside in the location of his choice—without adequate procedural protection. Duarte seeks a hearing to prove that he is not currently dangerous and therefore should not be deprived of the liberty to live in the areas prohibited by the Ordinance. The district court rejected Duarte's procedural due process claim on the ground that the Ordinance did not deprive him of a constitutionally-protected liberty interest. However, we need not reach that question.

4

No. 15-41456

As the Supreme Court explained in a similar challenge to a Connecticut sex offender registration law, "even assuming" that the Ordinance deprives Duarte of a liberty interest, "due process does not entitle him to a hearing to establish a fact that is not material under the . . . statute." *Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 7 (2003); *see also Meza v. Livingston,* 607 F.3d 392, 401 (5th Cir. 2010) ("When an individual is convicted of a sex offense, no further process is due before imposing sex offender conditions." (citing *Conn. Dep't of Pub. Safety*, 538 U.S. at 7–8)); *Doe v. Miller*, 405 F.3d 700, 709 (8th Cir. 2009) (concluding that an "Iowa residency restriction [did] not contravene principles of procedural due process under the Constitution" because "[t]he restriction applie[d] to all offenders who [had] been convicted of certain crimes against minors, regardless of what estimates of future dangerousness might be proved in individualized hearings."). The fact that Duarte seeks to prove— his current dangerousness—is "of no consequence" under the Ordinance. *Conn. Dep't of Pub. Safety*, 538 U.S. at 7. The sole relevant question is whether Duarte "is required to register on the Texas Department of Public Safety's Sex Offender Database . . . because of a conviction involving a minor." That fact is not in dispute, and Duarte's underlying conviction is a fact that he "has already had a procedurally safeguarded opportunity to contest." *Id.* As noted, Duarte exercised his constitutional right to a trial by jury, was found guilty of the underlying sex offense, and was ultimately sentenced to three years of imprisonment following revocation of his community supervision term. Thus, the absence of an additional hearing allowing Duarte to contest current dangerousness does not offend the principles of procedural due process.[2]

---

[2] Duarte contends that the Lewisville ordinance is so restrictive that it effectively banishes him from the city, thus infringing on his constitutionally protected liberty interest to reside in the location of his choice. As we have set forth above, in light of the Supreme Court's holding in *Connecticut Department of Public Safety*, we need not decide whether the Ordinance deprives Duarte of a constitutionally protected liberty interest, nor do we need to

No. 15-41456

This conclusion applies with equal force to Appellants' similar claim that the Ordinance deprives the Duarte Family collectively of a constitutionally-protected liberty interest in "family consortium" without procedural due process. The only procedural defect Appellants identify is the Ordinance's "complete failure to provide [the Duarte Family] with a pre-deprivation opportunity to be heard on the issue of whether . . . Duarte currently poses (or has ever posed) any threat to anyone by reason of a lack of sexual control." As is the case with Duarte's individual claim, procedural due process does not entitle the Duarte Family to a hearing to "establish a fact that is not material" under the Ordinance. *Id.*

As the Supreme Court observed in *Connecticut Department of Public Safety*, "[i]t may be that [Appellants'] claim is actually a substantive challenge to [the] statute 'recast in procedural due process terms.'" *Id.* at 8 (quoting *Reno v. Flores,* 507 U.S. 292, 308 (1993)). However, because Appellants insist that they intend only to bring a procedural due process claim, we do not reach the substantive due process question.[3]

## IV.

Duarte next alleges that the Ordinance deprives him of his constitutional right to equal protection of law in violation of the Fourteenth Amendment.

apply the test set forth in *Matthews v. Eldridge*, 424 U.S. 319 (1976), concerning the constitutional adequacy of procedural protections. However, we note that whether an ordinance or statute like the one at issue here constitutes effective banishment remains an open question.

[3] While the procedural element of the Due Process Clause protects individuals "from the mistaken or unjustified deprivation of life, liberty, or property[,]" *Carey v. Piphus*, 435 U.S. 247, 259 (1978), the substantive element "forbids the government to infringe . . . 'fundamental' liberty interests *at all,* no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997) (quoting *Reno*, 507 U.S. at 302). Because Duarte explicitly waived any arguments about whether effective banishment would infringe substantive due process, both in his briefing and at oral argument, we do not address whether the Ordinance infringes on a fundamental right or liberty interest.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe,* 457 U.S. 202, 216 (1982)). To establish an equal protection claim, Duarte must first show that "two or more classifications of similarly situated persons were treated differently" under the statute. *Gallegos-Hernandez v. United States*, 688 F.3d 190, 195 (5th Cir. 2012); *see also Stefanoff v. Hays Cty.*, 154 F.3d 523, 525–26 (5th Cir. 1998). Once that threshold element is established, the court then determines the appropriate level of scrutiny to apply. "Strict scrutiny is required if the legislative classification operates to the disadvantage of some suspect class or impinges upon a fundamental right explicitly or implicitly protected by the Constitution." *Richard v. Hinson*, 70 F.3d 415, 417 (5th Cir. 1995) (citing *San Antonio Indep. Sch. Dist. v. Rodriguez,* 411 U.S. 1, 17 (1973)). If neither a suspect class nor a fundamental right is implicated, the classification need only bear a rational relation to a legitimate governmental purpose. *Id.* at 417.

Notably, Duarte does not challenge the Ordinance's classification between child sex offenders and the general population. Instead, he brings a more narrow challenge to the differing treatment of child sex offenders subject to state-imposed community supervision versus those who are not. The Magistrate Judge determined that this classification was subject to rational basis review, because it neither disadvantaged a suspect class nor impinged on a fundamental right. Appellants failed to object to this conclusion below, and, although they now make a cursory argument that strict scrutiny should apply, they fail to explain why, much less show that the Magistrate Judge's

conclusion constituted plain error. *See Douglass*, 79 F.3d at 1428–29.[4] Therefore, we limit our analysis to whether the Ordinance's differing treatment of the two groups identified by Duarte bears a rational relation to a legitimate governmental purpose.

As an initial matter, Lewisville argues that Duarte failed to identify a classification that would allow this court to perform an equal protection analysis at all, reasoning that the Ordinance "does not create multiple classes of child sex offenders," because the "defense in the Ordinance is equally available to anyone who meets its terms." We disagree. The Ordinance divides child sex offenders into two categories: (1) those subject to state-imposed community supervision and who are therefore permitted to avail themselves of the exemptions incorporated from state law, and (2) those who are not subject to community supervision and are therefore, by definition, unable to avail themselves of the same exemptions. As a result, the Ordinance provides a form of relief to one category of child sex offenders that is not available to another. This imposition of differing treatment based on delineated categories of sex offenders satisfies the threshold classification requirement. *See Sonnier v. Quarterman*, 476 F.3d 349, 368–69 (5th Cir. 2007).

We agree, however, that this classification "rationally further[s] a legitimate state interest." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992). "Rational basis review begins with a strong presumption of constitutional validity." *Malagon de Fuentes v. Gonzales*, 462 F.3d 498, 504 (5th Cir. 2006). A court will

---

[4] Because Appellants have failed to adequately brief the issue, we do not reach the question of whether the Ordinance "operates to the disadvantage of some suspect class or impinges upon a fundamental right explicitly or implicitly protected by the Constitution." *Richard*, 70 F.3d at 417. This court previously has held that sex offenders are not a suspect class for equal protection purposes. *See Stauffer v. Gearhart*, 741 F.3d 574, 587 (5th Cir. 2014). As with Appellants' Due Process Clause claim, we also do not reach the question of whether the Ordinance impinges on a fundamental right. *See supra* Note 3.

uphold the classification "if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose." *Heller v. Doe*, 509 U.S. 312, 320 (1993). Because "[r]ational basis scrutiny requires only that the legislative *classification* rationally promote a legitimate governmental objective[,]" *Williams v. Lynaugh,* 814 F.2d 205, 208 (5th Cir. 1987) (emphasis added), we focus on the specific classification challenged by Duarte. In other words, the "appropriate standard of review is whether the difference in treatment between" child sex offenders on community supervision and child sex offenders not on community supervision "rationally furthers a legitimate state interest." *Nordlinger*, 505 U.S. at 11 (examining whether the difference of treatment between newer and older homeowners for property tax purposes furthered a legitimate state interest).

Lewisville's explanation for the challenged classification is that it "is little more than legislative deference to an existing court order and seeks to avoid potentially conflicting orders." Duarte complains that this is the first time Lewisville has articulated such a justification. However, "the Equal Protection Clause does not demand for purposes of rational-basis review that a legislature or governing decisionmaker actually articulate at any time the purpose or rationale supporting its classification." *Id.* at 15. Instead, the court's review merely requires "that a purpose may conceivably or 'may reasonably have been the purpose and policy' of the relevant governmental decisionmaker." *Id.* (quoting *Allied Stores of Ohio, Inc. v. Bowers*, 358 U.S. 522, 528–529 (1959)). "As long as there is *a* conceivable rational basis for the official action, it is immaterial that it was not *the* or *a* primary factor in reaching a decision or that it was not *actually* relied upon by the decisionmakers or that some *other* nonsuspect irrational factors may have been considered." *Reid v. Rolling Fork Pub. Util. Dist.*, 854 F.2d 751, 754 (5th Cir. 1988). The burden is on the challenging party to counter "any reasonably conceivable state of facts

that could provide a rational basis for the classification." *Heller*, 509 U.S. at 320 (quoting *F.C.C. v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993)).

"[C]lassifications serving to protect legitimate expectation and reliance interests do not deny equal protection of the laws." *Nordlinger*, 505 U.S. at 13. Indeed, "[t]he protection of reasonable reliance interests is not only a legitimate governmental objective: it provides 'an exceedingly persuasive justification[.]'" *Heckler v. Mathews,* 465 U.S. 728, 746 (1984) (quoting *Kirchberg v. Feenstra*, 450 U.S. 455, 461 (1981)). Here, the affirmative defense provided by the Ordinance—and the classification it creates—is rationally related to a legitimate government interest in deferring to an existing state court judgment and protecting the expectation and reliance interests of those who have already sought and received a judicial determination that they are entitled to relief from geographic restrictions.

Further, the fact that some individuals are eligible for an exemption while others are not is not necessarily fatal under rational basis review. "[L]egitimate public policies [may] justify the incidental disadvantages [laws] impose on certain persons." *Romer v. Evans*, 517 U.S. 620, 635 (1996). "Like all rational actors with limited resources, [a government actor] must reach its abstract goal . . . by a series of practical requirements and easily-administered rules judged to be reasonable surrogates for it." *Brennan v. Stewart*, 834 F.2d 1248, 1259 (5th Cir. 1988). As the Supreme Court has explained, "the fact that . . . exemptions exist . . . does not render [a law] violative of equal protection" if there are "valid reasons for [the] exemptions . . . and no evidence to dispel them." *McGowan v. Maryland,* 366 U.S. 420, 427 (1961).

Because the Ordinance's challenged classification "rationally further[s] a legitimate state interest[,]" *Nordlinger*, 505 U.S. at 10, we conclude that it does not violate the Equal Protection Clause.

No. 15-41456

## V.

For the foregoing reasons, we AFFIRM the district court's judgment.