# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 17, 2023

Lyle W. Cayce
Clerk

No. 22-30075

MARK ANTHONY SPELL; FIRST APOSTOLIC CHURCH OF EAST BATON ROUGE PARISH, *doing business as* LIFE TABERNACLE CHURCH,

*Plaintiffs—Appellants*,

*versus*

JOHN BEL EDWARDS, *in his individual capacity and his official capacity as Governor of the State of Louisiana*; ROGER CORCORAN, *in his individual capacity and official capacity as Chief of Police of Central City, Louisiana*; SID GAUTREAUX, *individually and in his official capacity as Sheriff of East Baton Rouge Parish, Louisiana*,

*Defendants—Appellees*,

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:20-CV-282
c/w No. 3:21-CV-423

Before RICHMAN, *Chief Judge*, and ELROD and OLDHAM, *Circuit Judges*.

PER CURIAM:*

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-30075

Pastor Mark Anthony Spell and his church appeal the dismissal of their 42 U.S.C. § 1983 claims alleging that state officials violated their rights under the Religion Clauses of the First Amendment. Because Pastor Spell cannot prevail on the legal theory he advances, we affirm.

## I

Pastor Spell, the pastor of Life Tabernacle Church in the city of Central, Louisiana, held church services in violation of stay-at-home orders implemented by Governor John Bel Edwards in the early months of the COVID-19 pandemic. Local law enforcement officials, including Sheriff Sid Gautreaux and Chief of Police Roger Corcoran, enforced the Governor's orders. Pastor Spell brought an action against these officials under 42 U.S.C. § 1983, seeking injunctive relief and damages for violations of his First Amendment rights as well as his rights under the Louisiana Constitution. Following two appeals to this court at various stages of the litigation, the district court dismissed the claims for damages on grounds of qualified immunity, dismissed the claims for injunctive relief as moot, and dismissed the supplemental state law claims.

## II

We first address the district court's dismissal of the 42 U.S.C. § 1983 claims on the basis of qualified immunity. "We review a district court's grant of a motion to dismiss based on qualified immunity de novo."[1] In deciding whether an official is entitled to qualified immunity, we use a two-pronged inquiry. "[A] plaintiff seeking to defeat qualified immunity must show: '(1) that the official violated a statutory or constitutional right, and (2) that

---

[1] *Turner v. Lieutenant Driver*, 848 F.3d 678, 684 (5th Cir. 2017) (citing *Whitley v. Hanna*, 726 F.3d 631, 637 (5th Cir. 2013)).

No. 22-30075

the right was clearly established at the time of the challenged conduct.'"[2] "[T]he plaintiff has the burden of demonstrating the inapplicability" of the qualified immunity defense if raised by the defendant.[3]

Pastor Spell explicitly waived the argument that defendants' actions violated his constitutional rights under current free exercise jurisprudence, and so we do not address that argument.[4] In his briefing for this case, Pastor Spell instead advanced an absolute, categorical theory of the Religion Clauses, arguing that church assembly is "beyond the jurisdiction of the government." At oral argument, Pastor Spell reiterated that the legal theory being advanced is a strict, jurisdictional theory. He maintained that, under *Everson v. Board of Education of Ewing Township*,[5] there is a "jurisdictional

---

[2] *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (en banc) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)) (internal quotation marks omitted).

[3] *Turner*, 848 F.3d at 685 (citing *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 253 (5th Cir. 2005) *abrogated on other grounds by Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015)).

[4] *See Duarte v. City of Lewisville*, 858 F.3d 348, 353 n.3 (5th Cir. 2017) ("Because Duarte explicitly waived any arguments about whether effective banishment would infringe substantive due process, both in his briefing and at oral argument, we do not address whether the Ordinance infringes on a fundamental right or liberty interest.").

[5] 330 U.S. 1 (1947). At oral argument, JUDGE ELROD had the following exchange with Pastor Spell's counsel:

> JUDGE ELROD: "[P]erhaps I misunderstood your briefs, but I thought your briefs argued that other entities were allowed to remain open."
>
> . . . .
>
> Counsel: "We argued throughout the brief that that's what happened, yes."
>
> JUDGE ELROD: "And that that's what makes it wrong, under *Lukumi*."
>
> Counsel: "No, that's what makes it wrong under *Everson*."

Oral Argument at 9:54-10:37.

No. 22-30075

limit on intrusion by the state into the church."[6]  In so doing, he expressly waived other arguments.[7]

Pastor Spell is the master of his case, and he cannot prevail on the theory he advances.  Controlling precedent directly contradicts Pastor

---

[6] Oral Argument at 7:00.

[7] At oral argument, JUDGE ELROD had the following exchange with Pastor Spell's counsel:

> JUDGE ELROD: "If you can win under *Lukumi* and you can't win under *Everson*, are you going to pass on a win? . . . If the caselaw is not such that there is this impregnable barrier between church and state such that there can be no regulation among all kinds of entities, but the law is instead that you can't treat religious entities different than other entities—if that is the law in the United States, are you saying that you don't wish to argue that theory even if you could prevail on it?"
>
> . . . .
>
> Counsel: "We can't win on any other argument.  It's a loss because it violates the United States Constitution.  The first Establishment Clause case in our history has never been backed off of . . . .  Our case stands for the proposition of what the first Supreme Court case to address this problem says, and I'll read that very quickly. [Reads from *Everson*.]."

Oral Argument at 10:41-12:33; *see also* Oral Argument at 9:06 ("We've never backed off the strict argument that separation of church and state means there's no jurisdictional position that the state can take where they can restrict church assembly."); Oral Argument at 13:10 ("[T]he basis of our argument is that there is no jurisdiction to limit a church attendance."); *Jackson v. Watkins*, 619 F.3d 463, 466 n.1 (5th Cir. 2010) (per curiam) ("Jackson conceded at oral argument that this is solely a pretext case, not a mixed-motive case, so we consider any mixed-motive arguments to be waived."); *United States v. Joseph G. Moretti, Inc.*, 478 F.2d 418, 421 n.4 (5th Cir. 1973) (explaining that the disposition "expresses no approval" as to issues that "appellant expressly waived . . . at oral argument").

No. 22-30075

Spell's jurisdictional theory of the Religion Clauses.[8]  The district court did not err in dismissing the claims as Pastor Spell argues them.

## III

Next, we address the district court's denial of injunctive relief.  "A party forfeits an argument . . . by failing to adequately brief the argument on appeal."[9]  Pastor Spell failed to raise arguments in his opening brief challenging the district court's resolution of this issue or offering reasons as to why permanent injunctive relief is appropriate here.  At oral argument Pastor Spell was unclear as to whether he seeks injunctive relief.[10]  Because Pastor Spell failed to provide arguments in favor of permanent injunctive relief, he has abandoned them.[11]

## IV

Last, we address the district court's dismissal of the pendent state law claims.  After dismissing the federal law claims, the district court declined jurisdiction over the state law claims and dismissed them without prejudice.

---

[8] *See Roman Cath. Diocese of Brooklyn v. Cuomo*, 529 U.S. __, 141 S. Ct. 63, 67 (2020) (per curiam) ("Because the challenged restrictions are not 'neutral' and of 'general applicability,' they must satisfy 'strict scrutiny,' and this means that they must be 'narrowly tailored' to serve a 'compelling' state interest."); *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 546 (1993) ("A law burdening religious practice that is not neutral or not of general application must undergo the most rigorous of scrutiny."); *Emp. Div., Dep't of Hum. Res. of Oregon v. Smith*, 494 U.S. 872 (1990) (holding that the limitation articulated in *Sherbert v. Verner*, 374 U.S. 398 (1963)—i.e., that governmental actions that substantially burden a religious practice must be justified by a compelling governmental interest—does not apply to neutral, generally applicable laws).

[9] *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) (first citing *Norris v. Causey*, 869 F.3d 360, 373 n.10 (5th Cir. 2017); and then citing Fed. R. App. P. 28(a)(8)(A)).

[10] *See* Oral Argument at 14:29-15:40.

[11] *See Rollins*, 8 F.4th at 397.

5

No. 22-30075

We review a district court's decision to decline supplemental jurisdiction for abuse of discretion.[12] District courts are afforded "wide latitude" in their disposition of state law claims,[13] and "[t]he general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial."[14]

The district court did not abuse its discretion in declining to exercise jurisdiction over the state law claims. It considered the statutory factors[15] and our circuit's common law factors,[16] concluding that "all factors favor[ed] dismissing" the state law claims. As to the statutory factors, it found that the question of "whether the Louisiana Constitution protects Plaintiffs from the Governor's crowd-size limits" was a novel question of state law and that the state law claims "obviously predominate[d] over the nonexistent federal claims." As to the common law factors, it explained that each was "served by allowing Louisiana's courts to address Plaintiffs' state law claims in the

---

[12] *Priester v. Lowndes Cnty.*, 354 F.3d 414, 425 (5th Cir. 2004) (citing *Sibley v. Lemaire*, 184 F.3d 481, 490 (5th Cir. 1999)).

[13] *See Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161 (5th Cir. 2011) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 727 (1966)).

[14] *Brookshire Bros. Holding v. Dayco Prod., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009); *see also Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989))).

[15] 28 U.S.C. § 1367(c) (providing that "district courts may decline to exercise supplemental jurisdiction . . . if—(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction").

[16] *Enochs*, 641 F.3d at 159-60 (explaining that we "look to the statutory factors set forth by 28 U.S.C. § 1367(c), and to the common law factors of judicial economy, convenience, fairness, and comity" in reviewing a district court's exercise of supplemental jurisdiction).

No. 22-30075

first instance." The district court concluded that the state law issues were "deserving of a state court adjudication unencumbered by a parallel federal civil proceeding." The dismissal of the state law claims was not an abuse of discretion.

\* \* \*

For the foregoing reasons, we AFFIRM the judgment of the district court.

No. 22-30075

Andrew S. Oldham, *Circuit Judge*, joined by Elrod, *Circuit Judge*, concurring:

For decades, it has been clearly established that treating houses of worship worse than comparable secular assemblies—as the district court assumed Louisiana did here—violates the Constitution. *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 546–47 (1993); *see Roman Cath. Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 66–67 (2020) (applying *Lukumi*'s disparate-treatment rule to COVID-19 regulations). Had Pastor Spell's counsel not affirmatively *waived* the *Lukumi* argument, his victory was all but assured. *See United States v. Olano*, 507 U.S. 725, 733 (1993) ("Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." (quotation omitted)); *Cargill v. Garland*, — F.4th —, 2023 WL 119435, at *13 (5th Cir. 2023) (en banc) (noting that, unlike a forfeited argument, courts generally cannot pursue a waived argument); *Essinger v. Liberty Mut. Fire Ins. Co.*, 534 F.3d 450, 453 (5th Cir. 2008) (clarifying that when a forfeited argument involves a legal error and the failure to consider it will result in a "miscarriage of justice" courts may pursue the argument). But oddly, Pastor Spell's counsel insisted on taking a loss.